FRANK KUHN v. H. D. YOUNG ET AL.

No. 3186.

1. **Pleading—Libel—Alleging that the Charge is True.**—In an action for libel, if the charge made the basis of the suit be specific the answer pleading its truth need only allege that the charge is true.

2. **Same.**—If the charge be but a conclusion from facts not stated, as that the person referred to is a thief or a murderer, the answer alleging the truth should state the facts which make the party a thief or a murderer, and state that they exist.

3. **Libel—Pleading the Truth of the Charge in Defense.**—See charges made the basis of an action for libel sufficiently specific that an answer alleging the truth of the charge is held sufficient as a plea alleging the truth of the matters charged by plaintiff as libelous.

APPEAL from Bowie.  Tried below before Hon. J. M. Moore.

The report in the first appeal in this case, 71 Texas, 645, contains a statement of the pleadings.

*F. M. Henry* and *Henry & Henry*, for appellant.— 1.  A criminal libel is not a privileged communication under the Constitution and laws of Texas.  If the facts published constitute a criminal libel their truth can not be set up by the defendants in justification or excuse.  The plea of justification on the ground of truth must be as broad as the charge and must justify the precise charge.  The facts must be stated with certainty, so that the plaintiff might have an opportunity of denying and taking issue upon the facts alleged.  Penal Code, arts. 616, 617, 642; Towns. on Sl. and Lib., 3 ed., secs. 212, 355, 357, 361; Fidler v. Delavan, 20 Wend., 57; Van Ness v. Hamilton, 19 Johns., 349; Wachter v. Queenzer, 29 N. Y., 547.

2.  The court erred in admitting in evidence the testimony of Peter Ivey, defendant and a witness for defendants, over the objections of the plaintiff, upon the grounds that there was no averment in the defendants' answer setting up said facts, and no allegations in said defendants' answer and plea of justification putting the plaintiff on notice that he would be called upon to meet such testimony; and because it was not competent to prove any specific acts or offenses of plaintiff not embraced in defendants' answer and plea of the truth of the alleged libelous article.

3.  The plea of justification on the ground of truth must be as broad

as the charge and must justify the precise charge. The facts must be stated with certainty, so that the plaintiff might have an opportunity of denying and taking issue upon the facts alleged.

*Talbot & Turner,* for appellees.—When the charge is specific the answer need only to allege that the charge is true. It is unnecessary to repeat and justify every word of the alleged defamatory matter. Towns. on Sl. and Lib., 3 ed., secs. 356, 213.

STAYTON, CHIEF JUSTICE.—This cause was before this court at a former term, and is reported in 71 Texas, 645.

On the last trial the cause stood on the same petition on which it was formerly tried.

The answer on which the last trial was had seems to be the same substantially as was it on the former trial.

The action is to recover damages on account of a publication alleged to have been made by defendants wherein appellant, a butcher, was charged with slaughtering and selling to his customers diseased and unwholesome meats.

A copy of the article published and claimed to be libelous was made a part of the petition, and the answer alleged that "each and every charge made by them against the plaintiff in the alleged libelous article complained of by him is true, and was written and published by them without malice, and for the sole purpose of informing the public of the true facts as they existed."

It is urged that the court erred in overruling exceptions of plaintiff to so much of the defendants' answer as set up the truth of the charges made the basis of the action.

We do not find the exceptions in the record, but do find an order of the court overruling them, which indicates that the ground of the exception was that the answer did not state with sufficient certainty the facts which the answer alleged to be true.

We understand the rule to be, if the charge made the basis of the action be specific that the answer need only allege that the charge is true.

The article alleged to have been published and copied in the petition stated that the writer of the article had been informed that the plaintiff was buying cattle injured in transportation and butchering them and serving their meat to his customers, and it then went on to state that "to satisfy himself as to the truth of said rumors the writer visited the stock yards on yesterday and there saw a steer that had been crippled on Saturday and hauled out to die, and to all appearances would have died by night so badly was it injured. That steer was sold to Frank Kuhn, the aforesaid butcher, and he leaving it there until Sunday afternoon, butch-

ered said steer, hauled it out to the slaughter pen, and there it was dressed and the meat brought from there to his market and offered for sale to his customers."

This charge we think sufficiently specific; the petition set it out, and the averment of the answer that it was true we think was sufficient to authorize proof of the facts.

A witness was placed on the stand who proved the facts stated as above in the publication referred to, and it is urged that the court should have excluded his evidence for want of a sufficiently specific statement in the answer of the facts alleged to be true. What has been said as to the sufficiency of the answer renders further consideration of the objection to the evidence unnecessary.

On the trial in the court below the defendants offered to prove and did prove by Peter Ivey, defendant and witness for defendants, "that about two months before the 9th of August, 1886, the plaintiff Kuhn bought a blue steer at the stock pens that had been wounded in a wreck by having two of his ribs broken, one of which said ribs was stuck through the steer's kidney; that said Kuhn slaughtered said steer for beef, and when it was slaughtered there was a blue bucketful of corruption in the steer's side; that said Kuhn hauled the beef of said steer to his market house for sale." To the introduction of said testimony the plaintiff objected, upon the ground that "there was no averment in the defendants' answer setting up said facts, and no allegations in defendants' answer and plea of justification putting the plaintiff on notice that he would be called upon to meet such testimony, and because it was not competent to prove any acts or offenses of plaintiff not embraced in the defendants' answer and plea of the truth of the alleged libelous article," which objections were overruled by the court and the testimony allowed to go to the jury.

The date of publication of the paper alleged to be libelous was alleged to have been August 9, 1886, and it contained the following: "It has been reported that one of our butchers has been in the habit of purchasing diseased and disabled cattle that were injured in transportation and left at the stock yards at this place, and after dressing their carcasses offers the meat for sale to his customers at his market." Then follows the statement before copied, and it must be conceded that the paper published was calculated to create the impression that the writer or writers of it intended to charge that appellant was guilty of the acts which it was stated were reported of appellant.

If the charge be but a conclusion from facts not stated, as that the person referred to is a thief or murderer, it is no doubt necessary for an answer alleging the truth of the charge to state the facts which make the party a thief or murderer and to allege that these exist; such, however, is not the indefinite nature of the charge made in the publication,

and it was not error to admit the evidence complained of under the answer which alleged the facts stated in the publication to be true.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered October 31, 1890.