## LOGAN BROTHERS & COMPANY v. W. T. BROWNING & COMPANY.

Decided April 2, 1910.

**1.—Libel—Plea of Justification.**

A firm of merchants advertised a reduction sale of "Thirty Thousand Dollars worth of merchandise," the sale to be managed by the agent of a foreign company; a mercantile corporation in the same town a few days before the date of the reduction sale published a circular headed "Thirty Thousand Dollars worth of facts given away absolutely free," in which special sales conducted by foreign managers were denounced in terms that reflected discreditably upon the merchant who employed such managers; the firm sued the corporation for libel, alleging that said circular was a libel published of and concerning them, their said sale and business; that the same seriously interfered with said sale and injured the reputation and business of the plaintiffs as merchants, and subjected them as merchants and individuals to disgrace, humiliation and loss; the defendant answered specially, among other things, "that any and all allegations and statements set forth in said circular sued upon herein are true and correct." Held, said answer was insufficient as a plea of justification, because it did not allege the truth of said libelous charges against the plaintiff in the sense imputed to them in the innuendo.

**2.—Same.**

When a libelous publication does not refer by name to the plaintiff who bases a suit for libel thereon, and its application to plaintiff is made to appear only by innuendo, a plea of justification which merely avers the truth of the several statements contained in the publication, without admitting its application to plaintiff, is insufficient; the plea should allege the truth of the several statements in the sense imputed to them in plaintiff's petition.

Appeal from the District Court of Baylor County. Tried below before Hon. Jo A. P. Dickson.

*Holman & Newton* and *J. T. Montgomery,* for appellants.—Defamatory matter, in a plea of justification alleging truth of the charges, "must be specially pleaded, strictly conformable with the slander laid in the declaration, and as applied or explained by the innuendoes, and there can be no justification made out by the evidence unless the facts are proven true as alleged in the declaration and with the meaning therein averred." Clark v. Bohms, 37 S. W., 350; Knapp v. Campbell, 14 Texas Civ. App., 199; Townes' Am. Ele. Law, p. 346; Town-

send on L. & S., secs. 212-215; Newel on Def., 651, par. 68; 652, par. 71; 653, par. 73; 796, par. 45; Cooley on Torts, p. 243; 1 Greenleaf on Ev., 324; 32 Am. Dig., Libel and Slander, for large list of Federal and State decisions.

*Glasgow & Keenan* and *Theodore Mack,* for appellee.—The court did not err in overruling the special exception to the fourth paragraph of defendant's answer, because the paragraph thus assailed by demurrer set up the truth of the alleged libel in terms as broad as the charge. Newell on Defamation, S. & L., 796, 797; 25 Cyc., 459; 18 Am. & Eng. Ency. Law, 2d ed., 1070; 12 Ency. Pl. and Pr., 49; 13 Ency. Pl. and Pr., 54; Democrat Pub. Co. v. Jones, 83 Texas, 302; Kuhn v. Young, 78 Texas, 345; Patten v. Belo & Co., 79 Texas, 47; Nettles v. Somervell, 6 Texas Civ. App., 627.

CONNER, CHIEF JUSTICE.—Logan Bros. & Company, a partnership association of merchants doing business in Seymour, on or about the 14th day of May, 1908, advertised a reduction sale of "Thirty Thousand Dollars worth of Merchandise," to begin on the 20th day of the same month and to last ten days under the management of one E. F. Wortham, agent for the Southwestern Salvage Company of Dallas, Texas. A few days before the advertised date of sale W. T. Browning & Company, a corporation doing business at the same place, and of which W. T. Browning was the general manager, published a circular headed "Thirty Thousand Dollars' worth of Facts given away absolutely free," in which special sales conducted by foreign managers were denounced in terms that reflected discreditably upon the merchant who employed such managers, and this suit was instituted by said partnership against the said corporation and its said general manager for libel.

The plaintiffs alleged that said publication was a libel published of and concerning them, their said sale and business; that they had incurred large expense in advertising, arranging their display, marking down each article of goods intended to be sold, and in employing extra clerks, etc., and that they reasonably anticipated large cash sales; that the said circular published by appellees was circulated largely throughout the town of Seymour and Baylor County a few days before and throughout their advertised sale, which seriously interfered with said sale and injured the reputation and business of the plaintiffs as merchants, subjecting them as merchants and individuals to disgrace, humiliation and loss, to their actual damage in the sum of five thousand dollars, for which they sued.

The defendants, who are appellees here, pleaded the general denial, and, among other things, specially, that: "4th. Defendants further answering say that any and all allegations and statements set forth in said circular sued upon herein are true and correct, as stated in said circular." The trial resulted in a verdict and judgment for appellees.

We deem it unnecessary to set out the alleged libelous circular. It is sufficient to say that the court instructed the jury in effect that it was libelous if intended to apply to the plaintiff, and no objection ap-

pears to have been made to such instruction. The court, however, overruled an exception to the fourth paragraph of appellees' said special plea that we have quoted, and also permitted the introduction of evidence in support thereof, and in a negative way submitted the issue in appellees' favor, and we are called on by the assignments of error to determine whether the court correctly ruled upon the exception. The exception is as follows:

"Plaintiff further excepts to the fourth paragraph of defendants' answer because the same is utterly immaterial, is no plea of truth responsive to the charges sued upon in the sense imputed to them in the innuendoes in plaintiffs' petition, nor is it as broad as the charges, as by law required, and does not allege the truth of said libelous charges against plaintiff in the sense imputed to them in the innuendoes, as by law required, and is therefore wholly insufficient as a plea of truth, and of this plaintiffs pray judgment of the court."

We are of opinion that the court erred in overruling the exception, and that said special plea was insufficient to either authorize the admission of evidence in support thereof or the submission of the issue to the jury. Appellees' special plea, to which the exception relates, was plainly intended as a justification for the circulation of their alleged libelous circular, and not in mitigation of the actual damages therefor. As a plea in justification, which must be specially pleaded, it was wholly insufficient. The rule is thus stated in Newell on Defamation, Slander and Libel, sec. 45, page 796:

"The Justification Must be as Broad as the Charge.—The plea of justification must be direct and explicit. It must in every respect correspond with and be as extensive as the charge in the declaration. It must be as broad as that charge is; if it go beside it or fall short of it, it is nought; it must be, in point of law, identical with it. A plea is bad which falls short of a justification of the slanderous words in the sense imputed to them by the declaration, for the plea necessarily confesses that such sense is correctly imputed, and if the defendant disputes this he must do so under the general issue. The whole libel must be proven true, not a part merely. The justification must justify the precise charge. If any material part be not proved true, the plaintiff is entitled to damages in respect of such part. Thus, where a libelous paragraph in a newspaper is introduced by a libelous heading, it is not enough to prove the truth of the facts stated in the paragraph; defendant must also prove the truth of the heading." See also the same work, sec. 73, page 653, and Townsend on Slander and Libel, 4th ed., sec. 215. In the section from the latter authority cited it is said: "A justification on the ground of truth must justify in the sense imputed by the innuendo, for the reason that the plea admits the innuendo."

In the case of Democrat Publishing Company v. Jones, 83 Texas, 302, the appellant had requested a charge in effect that, "if the statements contained in the publication are all true, the jury should find for the defendant." In the opinion rendered by Mr. Justice Tarlton, of the Commission of Appeals, which was approved by the Supreme Court, it was said that: "The refusal of the court to grant this instruction is assigned as error. This instruction would have limited the

jury, in inquiring into the truth or falsity of the publication, to a consideration of the truth of the mere statements thereof, without reference to the sense and substance of the publication. This would have tended to mislead the jury. The instruction was evidently requested under the defendant's plea of justification. A plea of this character must meet the substance of the libel as alleged in the petition. The evidence in support of the plea must establish the truth of the specific charge alleged to be libelous. Here the alleged libelous matter does not consist in the falsity of the several statements contained in the publication, but in the falsity of the effect, substance and imputations of the publication. To justify, the whole of the libel must in substance be proved. Odgers on Libel and Slander, sec. 169; 13 Am. and Eng. Ency. of Law, 397, 398. The special charge was properly refused."

These authorities, we think, plainly condemn the rulings of the court noted. Appellees' circular under consideration did not on its face name appellants, it was made to refer to them only by innuendo; and appellees' plea of justification merely averred the truth of the several statements contained in their circular without admitting its application to appellants, which indeed was denied in another part of their answer. If appellees desire to *justify* their publication, it must be done under a plea alleging the truth of the several statements therein made in the sense imputed to them in the petition of the plaintiff.

In view of the conclusions above noted other assignments become immaterial; but, for the error of the court discussed, it is ordered that the judgment be reversed and the cause remanded for a new trial.

### ON REHEARING.

We think this case distinguishable from the Keuhn case, 78 Texas, 344, and other cases of like kind, in that in those cases the libelous charge is direct, and specifically points out the person against whom it is directed without need of innuendo for its application. The motion is accordingly overruled.

*Reversed and remanded.*

Application for writ of error dismissed.