Barney WATSON et al., Appellants,

v.

W. N. JONES, et al., Appellees.

No. 3897.

Court of Civil Appeals of Texas.

Waco.

June 8, 1961.

Bowlen Bond and Glynn, Nance, Teague, for appellants.

Mac L. Bennett, Jr., Normangee, Robert Burroughs, Buffalo, Brady, Drake, Yates & Wilson, Dallas, for appellees.

McDONALD, Chief Justice.

This cause is before us on a motion by appellant to enlarge the time in which to file transcript; appellees' opposition to such motion; and appellees' motion to affirm the cause on certificate under Rule 387, Texas Rules of Civil Procedure.

The last day for filing of transcript was *1 May 1961*. On *4 May 1961* the transcript and an original exhibit (photostat of deed) were received by this court. On *5 May 1961* appellant filed motion praying that this court permit the late filing of the transcript. No statement of facts has been tendered.

Rule 386, T.R.C.P., provides for such filing in this court within 60 days from the rendition of final judgment or order overruling motion for new trial; and provides further that by motion filed within 15 days after the expiration of the 60 day period, *"Showing good cause to have existed within such 60 day period why said transcript etc. could not be so filed, the Court of Civil Appeals may permit the same to be filed * * *."*

Appellants' motion reflects that appellants' counsel's associate was handling this appeal; that 10 days before the last day for filing in the Court of Civil Appeals, such associate counsel's mother became critically ill in the hospital in Temple; that associate counsel left immediately to be with his mother and remained there, and failed to apprise counsel of the fact that the transcript had not been transmitted to the Court of Civil Appeals; that counsel was very busy, and did not learn that the transcript had not been transmitted to the Court of Civil Appeals until *1 May, 1961*, upon which date he immediately wrote the District Clerk of Leon County to transmit the transcript to the Court of Civil Appeals. The Clerk did so, and the record was received by the Court of Civil Appeals on 4 May, 1961. (The record was postmarked 3 May, 1961 at 4 p. m.)

Appellee has filed opposition to appellants' motion to extend time, and moves this court to dismiss such appeal or affirm on certificate. Attached to such opposition is the affidavit of the District Clerk of Leon County which reflects (as does the tendered transcript itself) that the transcript was completed on *20 April, 1961*, which was some 11 days prior to the last date for filing same; that the District Clerk telephoned counsel for appellants on *20 April, 1961* and told him such transcript was completed; that counsel requested the Clerk to hold same; and told him he would notify him at a later date when to mail such to the Court of Civil Appeals; that he received a letter from counsel on May 1, 1961 to transmit the record to the Court of Civil Appeals and that he did so.

Since the undisputed record reflects that the transcript was completed on *20 April, 1961*, the reasons assigned for failure to file in the Court of Civil Appeals cannot constitute good cause as a matter of law, under the holding of our Supreme Court in Matlock v. Matlock, 151 Tex. 308, 249 S. W.2d 587. To the same effect are: Ortiz v. Associated Employers Lloyds, Tex.Civ. App., 294 S.W.2d 880 (n. w. h.); Dellerman v. Trager, Tex.Civ.App., 327 S.W.2d 667, error dism.; Wigington v. Parker Square State Bank, Tex.Civ.App., 321 S. W.2d 334 (n. w. h.); Massey v. Brindley, Tex.Civ.App., 296 S.W.2d 296, W/E Ref.

Moreover, from appellants' counsel's own affidavit, counsel realized that the transcript had not been filed sometime on 1 May, 1961 (which was the last day for filing). No reason is assigned as to why counsel could not have carried, or caused to be carried, the transcript from Centerville to Waco (some 90 miles), for filing, prior to midnight 1 May, 1961.

Appellants' motion to extend time for filing transcript is overruled, and the judgment of the Trial Court is affirmed on certificate. See Rule 387, T.R.C.P.