Charles W. SOMMER et al., Appellants,

v.

Roberta RICHARDSON, Appellee.

No. 4200.

Court of Civil Appeals of Texas.

Eastland.

Oct. 27, 1967.

Rehearing Denied Nov. 24, 1967.

Billings, Pierce, Gilley & Stanton, R. Kelley Pierce, Dallas, for appellants.

Jennings, Montgomery & Dies, Frank Jennings, Graham, for appellee.

GRISSOM, Chief Justice.

Charles W. Sommer et al. have attempted to appeal from an order overruling their plea of privilege. It was rendered and entered on August 4th, 1967. The transcript and statement of facts were due to be filed in this court not later than August 24th. Texas Rules of Civil Procedure, rule 385. They were tendered for filing in this court on September 6, 1967, thirteen days after they were required to be filed. They are not entitled to have the record now filed unless their motion for extension of time, filed on August 24th, showed good cause therefor within the meaning of Rule 385(b).

Whether appellants' motion showed good cause is the question presented. Appellants gave as reasons the motion should be granted that the testimony was voluminous and could not be transcribed within the time allowed by the applicable rule, to wit, 20 days; that the present attorney for appellants was "just retained"; that, because of the smallness of the staff in the clerk's office, the clerk was unable to timely prepare the transcript; that the clerk and court reporter had indicated that the transcript and statement of facts could be completed within the requested fifteen day extension.

Appellee filed an answer opposing that motion. She attached the affidavit of her counsel to the effect that the trial court advised all attorneys of his decision to overrule appellants' plea of privilege by letter dated July 24, 1967; that appellee's attorney sent an order overruling said plea of privilege, by letter dated July 26th, to appellants' counsel and that it contained appellants' notice of appeal; that the order was returned in due course to appellee's attorney and promptly forwarded by him to the Judge on August 3rd; that a copy of the letter transmitting said order was furnished appellants' then attorneys; that the order overruling appellants' plea of privilege was signed and entered on August 4, 1967, and all attorneys were so advised by copies of a letter of August 4th from the Judge to the clerk.

Appellee's opposition to appellants' motion for extension of time stresses the facts shown by the record that no request was made to either the court reporter or clerk

for preparation of a statement of facts or transcript until 17 days after the order was entered overruling the plea of privilege, which was 27 days after appellants' attorneys should have received notice of the court's decision to overrule their plea. It also emphasized the facts stated in the affidavits of the clerk and reporter, that delay in preparing and filing the record was not caused, as contended by appellants, by either voluminous testimony or a small staff, but solely by appellants' delay in requesting preparation of the statement of facts and transcript.

■ Appellee attached to her answer the affidavit of the clerk that on August 21, 1967, she, for the first time, was requested to prepare a transcript and that the request was over the telephone by appellants' present attorney. The clerk further stated that, after she was advised what to include, the transcript could be completed within five days. The court reporter's affidavit was to the effect that he was first requested to prepare a statement of facts by a telephone call from appellants' present counsel, on August 21, 1967, and that he estimated it could be prepared in 10 days. It is shown that, although the law gave appellants 20 days to have the record prepared and filed, they waited 17 days before they requested its preparation. The record shows that appellants were represented on the trial by able counsel. There is no indication that they were not as competent as appellants' present counsel for the purposes of advising whether to appeal and promptly ordering a transcript and statement of facts. There is no showing of a need for employment of appellants' present able counsel to order preparation of the record. To hold that this record shows good cause for 17 days delay in ordering a record which should be filed in 20 days is to ignore the established facts and defeat the policy of the State to expedite the disposition of cases, which should be specially desirable in appeals preliminary to disposition of cases on the merits. See Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, 590.

Appellants' affidavit attached to their motion for extension of time signed by their present counsel shows that he did not represent them on the hearing of the plea of privilege. It contains a statement that appellants, wishing to appeal from the order of August 4, 1967, attempted to contact present counsel in order that he might represent them on appeal but that he was on vacation and did not return until August 18th, when appellants contacted him and asked him to represent them on appeal; that request was then made of one of the counsel who had represented appellants at the hearing and he immediately sent present counsel the requested portions of his file in order that present counsel might determine "the facts and feasibility of an appeal"; that trial counsel forwarded the requested material immediately and it was received by present counsel on August 19th; that on Monday, August 21st, appellants' present counsel requested the court reporter, by telephone, to prepare a statement of facts; that the reporter then stated that it was impossible to prepare the statement of facts by August 24th, the last day for its filing; that on August 21st the clerk was in the same manner requested to prepare a transcript, whereupon, she stated that it was impossible to prepare a transcript by August 24th and, with those facts in mind, a motion for extension of time under Rule 385 was filed by appellants on August 24th.

Appellants new counsel has been diligent. Appellants have not shown that they were. There is not even an indication of the existence of a good reason why appellants able trial counsel could not have timely decided that an appeal was advisable and timely ordered preparation of the record. To now permit the filing of this record would have the effect of saying that an appeal from an interlocutory order can be delayed long past the time fixed by Rule 385(b) by the simple expedient of retaining new counsel near the end of the time fixed for filing the record in the appellate court. We are forced to the conclusion that appellants have not shown good cause for their failure to timely file

the record. See Douglas v. Wheeler, Tex. Civ.App., 306 S.W.2d 956, 959 (Ref. n. r. e.); Massey v. Brindley, Tex.Civ.App., 296 S.W.2d 296 (Writ ref.); Gee v. Smith, Tex.Civ.App., 294 S.W.2d 415. The motion is overruled.