Billy J. REHKOPF, Appellant,

v.

TEXARKANA NEWSPAPERS, INC., et al., Appellees.

No. 7990.

Court of Civil Appeals of Texas, Texarkana.

Sept. 29, 1970.

Rehearing Denied Oct. 20, 1970.

Harry Friedman, B. A. Britt, Jr., Harkness, Friedman & Kusin, Texarkana, for appellant.

William L. Peek, Jr., Wheeler, Watkins, Hubbard, Patton & Peek, Texarkana, for appellees.

DAVIS, Justice.

This is a suit for libel and slander. The parties will be referred to as they were in the trial court. Plaintiff, Billy J. Rehkopf, sued Texarkana Gazette, (morning newspaper) and Texarkana Daily News, (afternoon newspaper) that are published by defendant Texarkana Newspapers, Inc., because of the printing of certain headlines and news articles in each of the newspapers on Jan. 24, 1969. At the time of the publications of the headlines and the articles, plaintiff was the sole proprietor of the City Trash and Refuse Service and had an exclusive franchise with the City of Texarkana, Texas, for garbage collection for several years prior to Jan. 24, 1969, on that date, and subsequent thereto.

The case was tried before a jury. All special issues were answered in favor of the defendants. Judgment was signed and entered on July 25, 1969. A motion for new trial was filed on July 28, 1969. The motion for new trial was overruled on September 5, 1969. Notice of appeal was given and an appeal bond was approved and filed on September 12, 1969.

On October 27, 1969, a plain unverified motion was filed by plaintiff, setting up the fact that the time would expire on November 4, 1969, to file the transcript and statement of facts, and requested an extension of 90 days after November 4, 1969, in which to file the transcript and statement of facts. There was no written evidence from the District Clerk, or the Court Reporter, to verify the fact that the transcript and statement of facts could not be prepared and ready for filing on or before Nov. 4, 1969. We granted the motion in violation of the Texas Rules of Civil Procedure. Rules 5, and 386.

The transcript was filed in this court on Nov. 5, 1969,—one day too late.

Plaintiff filed another motion for extension of time to file the statement of facts on Jan. 28, 1970. He merely made the statement that the Court Reporter had not completed the statement of facts and would be unable to do so within the time already illegally allowed by this Court. He requested 90 days extension. There was no evidence in writing from the Court Reporter certifying to the fact that the statement of facts was not prepared, or that she would need 90 days to get it ready for filing. We violated the Texas Rules of Civil Procedure and granted that motion. Rules 5, and 386. The statement of facts was filed in this Court on May 1, 1970.

■ A "Good cause" must be shown in a motion to extend the time to file a transcript, or statement of facts, in the Court of Civil Appeals. That requires some evidence, in writing, in this case from the District Clerk, and the Court Reporter. The time is limited by Rule 386, T.R.C.P., Barron v. Barron, Tex.Civ.App., 1963, 365 S.W.2d 425, n.w.h. An error by the Court of Civil Appeals in granting motions for extensions of time to file the transcript, and the statement of facts, after the prescribed time had expired, without the movant first showing a "good cause" to exist, is a matter that cannot be waived. Straley v. Commissioners' Court of Lampasas County, Tex.Civ.App., 1953, 266 S.W.2d 469, n.w.h.

■ Although, we erroneously granted appellant's motions for extensions of time to file the transcript and statement of facts where the appellant did not show any good cause for such delay, does not give this court jurisdiction of this appeal. The motions did not contain any evidence from the District Clerk, or the Court Reporter; therefore, the extensions of time were not procured in the proper manner. Magnolia Petroleum Company v. Klingeman, Tex.Civ.App., 1951, 242 S.W.2d 950, er. ref. There are several "good causes", or grounds, for extension of time to file the transcript and statement of facts in the Court of Civil Appeals; but, those "good causes" must be shown by some evidence in writing, or an affidavit, signed by the Clerk of the Court and/or the Court Reporter.

In this case, the transcript was filed just one day too late. A delay in filing the transcript and the statement of facts does not show a good cause. Whitt v. Hartgraves, Tex.Civ.App., 1967, 412 S.W.2d 344, n.w.h. Where a lack of diligence on the part of the plaintiff to show a good cause for the late filing of the transcript and statement of facts were required to be denied by the Court of Civil Appeals. Williams v. Williams, Tex.Civ.App., 1965, 392 S.W.2d 539, n. w. h. As to other good causes, see Consolidated Casualty Insurance Company v. Wade, Tex.Civ.App., 1963, 373 S.W.2d 841, err. dism.; Lynn v. Clark, Tex.Civ.App., 1961, 351 S.W.2d 538, n. w. h.; Watson v. Jones, Tex.Civ.App., 348 S.W.2d 414, n. w. h.; Dellerman v. Trager, Tex.Civ.App., 1959, 327 S.W.2d 667, err. dism.; Fellers v. Anco Sales Company, Tex.Civ.App., 1959, 327 S.W.2d 797; Ortiz v. Associated Employers Lloyds, Tex. Civ.App., 1956, 294 S.W.2d 880, n. w. h.; Jaye v. Texas Consolidated Oils, Tex.Civ. App., 1956, 287 S.W.2d 688, n. w. h.; United States v. Pacific Finance Corporation, Tex.Civ.App., 1954, 270 S.W.2d 459, n. w. h.; Hanna v. Home Insurance Company, Tex.Civ.App., 1953, 260 S.W.2d 891; Matlock v. Matlock, Tex.Sup.Ct., 1952, 249 S.W.2d 587; Rigdon v. Panhandle Publishing Company, Tex.Civ.App., 1950, 233 S.W. 2d 230, n. w. h.; State ex rel. Crawford et al. v. Wagner et al., Tex.Civ.App., 1947, 203 S.W.2d 795, err. ref.; Hill Chemical Company, Inc. v. Miller, Tex.Civ.App., 1970, 459 S.W.2d 905.

Rule 5, T.R.C.P., relating to the power of courts to enlarge the time in which a given act may be done, does not authorize an extension of time for filing a transcript and statement of facts in the Courts of Civil Appeals without a good cause first being shown. The matter is governed exclusively by this rule. Cocke v. Birr, 1944, 142 Tex. 432, 179 S.W.2d 958. Rule 386 T.R. C.P. is most restrictive. We were in error in granting the motions. We did not have the discretion to permit the late filing of the transcript and statement of facts in this case, because there were no good causes shown. State v. Camper, Tex.Civ.App., 1953, 261 S.W.2d 465, err. ref.

For the foregoing reasons, this court is without jurisdiction.

The appeal is dismissed.

If we are in error, and do have jurisdiction, the plaintiff has brought forward four points of error.

■ By points one and two, plaintiff contends that the trial court erred by excluding a lot of deposition testimony that

was offered by plaintiff on the basis that the same constituted a legal conclusion when offered for the purpose of showing malice; and, certain testimony was immaterial. This writer believes these two points to be multifarious. We can tell by carefully reviewing the statement of facts the errors complained of, and we will discuss them. Outlaw v. Bowen, Tex.Civ. App., 1956, 285 S.W.2d 280, ref., n. r. e.; Turner v. Turner, Tex.Civ.App., 1965, 384 S.W.2d 195.

■ The witness that plaintiff is complaining about was not qualified as an expert witness in newspaper publishing as to what constituted something as libelous, or libelous per se, or to show what constituted malice. The testimony sought to be introduced by this witness did constitute legal conclusions about the headlines and the articles and it was attempted for the purpose of showing malice, even though the General Manager of the newspapers testified that he had never met the plaintiff prior to the publications. No malice was proved. Dun & Bradstreet, Inc. v. O'Neil, Tex.Sup.Ct., 1970, 456 S.W.2d 896.

Although eight women had been arrested on Jan. 23, 1969, and charged with vagrancy, or prostitution, who lived at three different places in the City of Texarkana, Texas, and the General Manager of the defendants, learned from the City tax records that one of the places was carried on the records as City Trash and Refuse Service. From these records, and other information, he learned that plaintiff owned the City Trash and Refuse Service. Then, the headlines and articles were written. No one was listed as the author of the articles. One of the other owners declined comment. One said he didn't know if he owned the property or not.

When plaintiff was contacted by telephone, prior to the time the headlines and articles were written, informed the defendants that he had entered into a contract with one of the women that was arrested to sell her the property and when the contract was paid off he would then execute to her a Warranty Deed.

■ The defendants called and qualified two expert witnesses. One was the Editor of the Daily Register of Gainesville, Texas. One was a teacher of Journalism at the University of Texas, Austin, Texas. He had a Bachelor of Journalism Degree, Master of Journalism Degree, and a P.H.D. in Journalism and Political Science. He was rightfully referred to as "Doctor." Both of these expert witnesses testified that they did not see anything wrong with the headlines and the publications, provided the news items they raised could be proved to be true. Therefore, they would not be in violation of Art. 5431, T.R.C.P. In a suit for libel, the truth of a statement, or statements, to such publications shall be a defense to such suits, though the words be actionable per se. Brinkley v. Fishbein, (Fifth Circuit C.A.), 1940, 110 F.2d 62, certiorari denied 311 U.S. 672, 61 S.Ct. 34, 85 L.Ed. 432.

The defendants pled the truth of the headlines and the publications. The plaintiff did not deny that they were true; neither did he show that he had been damaged to any degree. The jury answered all the special issues in favor of the defendants and found that plaintiff had not been damaged. This was a complete defense to the libel action. Nettles v. Somervell, (1894), 6 Tex.Civ.App. 627, 25 S.W. 658; Patten v. Belo, (1890), 79 Tex. 41, 46, 14 S.W. 1037; Cotulla v. Kerr, (1889), 74 Tex. 89, 90, 11 S.W. 1058; 15 Am.St.Rep. 819; Kuhn v. Young, (1890), 78 Tex. 344, 346, 14 S.W. 796. The truth of the publications are not slanderous, libelous, or actionable. Traweek v. Radio Brady, Inc., Tex. Civ.App., 1969, 441 S.W.2d 240, ref., n. r. e.; Gulf Construction Company v. Mott, Tex. Civ.App., 1969, 442 S.W.2d 778, n. w. h. Points one and two are overruled.

We have carefully considered plaintiff's other two points of error and find them to be without any merit. They are overruled.

If the trial court did abuse his discretion in withholding portions of the testimony complained about in points one and two; or, erred in his instructions to the jury as complained about in points three and four, they were harmless errors. Thomas v. Magnolia Chemical Company of Texas, Tex.Civ.App., 1965, 394 S.W.2d 50, ref., n. r. e.; Young v. Texas and Pacific Railway Company, Tex.Civ.App., 1961, 347 S.W.2d 345, n. w. h.

The judgment of the trial court is affirmed.