Lloyd PLEDGER, Appellant,

v.

Addison OOLS, Appellee.

No. 8236.

Court of Civil Appeals of Texas, Amarillo.

Feb. 7, 1972.

Rehearing Denied March 6, 1972.

James M. Gerdeman, Harvey L. Morton, Lubbock, for appellant.

Kirby, Ratliff & Sansom, Ted L. Sansom, Littlefield, for appellee.

1. All references to dates are for the year 1971.

2. All references to rules are to Texas Rules of Civil Procedure.

REYNOLDS, Justice.

Appellant has lodged an appeal from an order overruling his plea of privilege. Appellee has filed a motion to dismiss the appeal for lack of jurisdiction. The motion is granted, and the appeal is dismissed.

Plaintiff Addison Ools brought suit in Lamb County against defendants Lloyd Pledger and S. D. Diver for damages alleged to have been caused to his mobile home. Defendants filed pleas of privilege to remove the suit to their respective counties of residence, and plaintiff controverted the pleas. The trial court sustained the plea of Diver and overruled the plea of Pledger, who has brought this appeal.

Appellee Ools' motion to dismiss the appeal for lack of jurisdiction is predicated upon the ground that appellant has not shown good cause for an extension of time for the filing of the record since he did not promptly request preparation of the transcript. The order overruling the plea of privilege, after having been orally pronounced by the trial judge on August 2,[1] was reduced to writing and signed and entered of record on August 10, and contained appellant's notice of appeal. The order is interlocutory in nature and appealable. Vernon's Ann.Civ.St. art. 2008. The appeal is regulated by Rule 385[2] which requires, inter alia, the record to be filed in the appellate court "within twenty days after rendition of the order appealed from" unless the appellate court "upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing *good cause therefor*"[3] shall grant a reasonable extension of time in which to file the record. The record was due to be filed in this court no later than August 30, a Monday. On August 30, this court received from appellant a timely motion for extension of time within which to file the transcript and statement of

3. All emphases used in this opinion are ours.

facts, accompanied by an affidavit dated August 26 from one designated as the "Assistant Clerk of the District Court of Lamb County." The affidavit stated that the district clerk was on vacation during the week of August 23, the "Assistant Clerk" was alone in the office, criminal trials were being held during the week, and that the time factor did not permit the preparation of the transcript for filing by August 30. The motion itself did not state the exact date the transcript was requested, but did state that the transcript was essential to the appeal. Accompanying this motion was appellant's motion for an extension of time to file his brief, predicated upon the necessity of having the transcript available, and stating that appellant *"has fully complied with the rules of civil procedure in regard to perfecting its appeal* in this cause, except for the fact that the transcript and brief have not been filed to accompany the record in this cause." Based upon the facts then before us, we granted the motion on August 31 and extended the period of time for the filing of the record to September 15. The transcript was completed on September 3, and the entire record was filed on September 8, within the extended period of time.

Thereafter, appellee's motion to dismiss was filed. The motion contained unverified statements of fact not otherwise reflected in the record. No reply was filed to the motion, and it was carried forward to be considered on submission of the case on appeal. On submission, the allegation in the motion that appellant did not request the preparation of the transcript until August 26, the sixteenth day following the entry of the order complained of, was admitted. No reason has been advanced why appellant delayed the request for the transcript. The written request ordering the transcript was filed in the clerk's office at 3:45 p. m. on Friday, August 26, leaving the balance of that day and the following Monday as the usual working time for the preparation and filing of the transcript in this court. It is here noted that the statement of facts, containing 70 pages of origi-

nal transcription, was completed on August 13, indicating prompt notice for its preparation. The transcript is composed of only 16 pages, thirteen of which are Xerox copies, and the only original papers are the caption, the index and the cost bill, none of which is more than one-half page of original preparation, indicating that not much time would be required for its preparation.

■ The filing of the record in the appellate court within the time prescribed by Rule 385 is jurisdictional. Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956 (1943). Before an extension of time may be granted under the rule, the motion for additional time must show *"good cause therefor."* Rule 376 provides that the appellant "shall *promptly* file with the clerk" a written direction to prepare the transcript. The rule does not fix the time that shall be considered prompt action in ordering the transcript, and our courts have held "promptly" to mean within a reasonable time in light of all the attendant facts and circumstances. This is the meaning given to the word in Patterson v. Hall, 430 S.W.2d 483 (Tex.Sup.1968), in which our Supreme Court said:

> ". . . We hold, therefore, that when a timely motion is made for an extension of time in which to file a transcript or statement of facts, supported by proof that the clerk of the trial court or the court reporter, as the case may be, could not, after request was made, prepare the part of the record requested in time for filing with the clerk of the court of civil appeals within sixty days after entry of judgment or order overruling the motion for new trial, the court of civil appeals, in deciding the question of 'good cause' for the extension, has a duty to decide, in the light of all attendant facts and circumstances, the preliminary question of whether the request for the record was made within a reasonable time after notice of appeal was given . . . ."

Although the holding in the *Patterson* case was addressed to Rule 386, the regulatory

provision for appeal from a final order, the same rationale must be applicable to an appeal from an interlocutory order under Rule 385.

■ Thus, even though this court, upon original consideration of appellant's motion for an extension of time, preliminarily determined that good cause was shown for additional time, the pertinent fact that the transcript actually was not requested until sixteen days after entry of judgment and notice of appeal was given was not factually established until submission of the case. That fact now evident, in the light of all the attendant facts and circumstances, particularly since no reason has been suggested why the transcript was not sooner ordered, leads only to the conclusion that the transcript was not *promptly* ordered. The fact that the statement of facts of 70 pages was completed within three days following the entry of the order challenged makes it obvious that this sixteen page transcript could have been prepared and timely filed had the order been promptly filed therefor.

A delay until the seventeenth day of the twenty-day period to order a record has been held not to be prompt action as required by Rule 385, and to defeat a showing of good cause. Sommer v. Richardson, 420 S.W.2d 742 (Tex.Civ.App.—Eastland 1967, no writ). A delay until the sixteenth day of the twenty-day period in ordering the transcript, as here, particularly when a week-end intervenes resulting in only one normal working day and a part of another to prepare and file the transcript, without any reason given for the delay, is not that prompt action required by Rule 376, and negatives a showing of good cause for the extension of time. It follows that, the provisions of Rule 385 being mandatory and jurisdictional, this court had no discretion and was without jurisdiction to grant the extension of time requested, and the order purporting to do so was and is nugatory.

The appeal is dismissed.