Delores H. WARNER, Appellant,

v.

Samuel G. COX et al., Appellees.

No. 831.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 18, 1973.

**252**

Rankin, Kern & Martinez, H. H. Rankin, Jr., McAllen, Louis G. Neumann, Asst. Atty. Gen., for appellees.

## OPINION

NYE, Chief Justice.

The appellees have filed a Motion in this Court to dismiss this Appeal on the ground that this Court lacks jurisdiction. The question is whether Appellant's Motion for Extension of Time showed that "good cause" existed (under Rule 386, Texas Rules of Civil Procedure) that would permit the late filing of the record in this Court.

Final judgment in this case was entered on May 10, 1973. Notice of appeal was timely filed and a cash bond was posted within the time allowed by the rules. The transcript and statement of facts were due to be filed in this Court on July 9, 1973, (the 60th day following entry of judgment). They were tendered on July 23rd. The motion for extension of time was filed the next day (the 75th day).

Rule 386 TRCP provides that the transcript and statement of facts shall be filed with the Court of Civil Appeals within 60 days from the rendition of a final judgment—"provided, by a motion filed before, at, or within a reasonable time, not exceeding 15 days after an expiration of such 60-day period, *showing good cause to have existed within such 60-day period* why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe." (emphasis supplied).

The provisions of this rule are mandatory and jurisdictional and therefore must be complied with in order to invoke appellate jurisdiction. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952). Consolidated Casualty Insurance Co. v. Wade, 373 S.W.2d 841, (Tex.Civ.App.) Corpus Christi, 1963 writ dismissed.

The record was properly ordered by the appellant's attorney shortly after notice of appeal was given. On June 9th the appellant's attorney suffered a stroke and was incapacitated thereafter. On or about the 25th day of June, the appellant learned of the disability of her attorney, whereupon she employed a second attorney who lived in Edinburg, Texas. This attorney got in touch with the District Clerk's office advising them that he was representing the appellant. The District Clerk told the attorney that the transcript was complete except for some additional information including the numbering of the pages of the transcript. The Clerk advised the attorney of the information needed. Later the District Clerk got in touch with the second attorney several times inquiring of him as to what he wanted to do about the transcript. During these calls the Clerk again asked the attorney to furnish them with the additional information. The District Clerk's affidavit stated that the attorney's reply was that he was going to file a Motion to extend the time to file the record in the Court of Civil Appeals. The District Clerk told him that the record in this case would be due in Corpus Christi on July 9th, 1973. The District Clerk's affidavit was filed by the appellees. It stated further in part that: "It (the record) could have easily been ready in ample time to be timely filed if we had been given the information we requested from the appellant and her attorney on numerous times. It would not and it did not take more than a day or two to finish after we received the necessary information." The receipt of the necessary information and completion of the record finally occurred around July 10, 1973, according to the District Clerk.

On July 23, 1973, the transcript was received in this Court. The letter of transmittal from the appellant herself stated:

"Enclosed is the twenty-five dollar filing fee for case C–10970 from District Clerk, K. C. Boysen, of Hidalgo Co. I sent the transcript by certified mail at Mission today. Since my attorney is ill I am desperate trying to find an attorney to take this case.

Sincerely,

Delores H. Warner"

Upon receipt of the transcript and letter and without any further background information, the Clerk of this Court notified the appellant that she should immediately employ an attorney and file a proper motion for extension of time, stating the reasons why the record could not be filed. The appellant was advised that this motion must be received the next day which was the 75th day. On the 75th day, the Clerk received an unsworn motion from another attorney, from Pharr, Texas. The motion (leaving out the formal parts) stated that:

". . . the undersigned attorney is acting temporarily as attorney for the appellant and for the purpose of preparing this motion; the attorney of record, the Honorable Arthur L. Gallucci is disabled and physically unable to represent the appellant; said attorney is at present confined as a patient at the Veterans Hospital in Houston, Texas, said appellant is *presenting* seeking another attorney to represent her for this appeal.

Wherefore, movant prays that this Honorable Court permit such transcript and statement of facts to be filed at such time and upon such terms as it may prescribe."

Attached to the motion was the appellant's "Affidavit in support of Motion". This affidavit stated:

"I am the appellant in the above entitled and numbered cause and my attorney is Arthur L. Gallucci. Mr. Gallucci is unable to represent me because he is a very sick man. He is a patient at the Veterans Hospital in Houston. He suffered a stroke on June 9th and has been confined to the hospital since that date. I didn't know about this until approximately June 25th. I didn't get the records of my trial until Friday, July 20th.

I am trying to hire another attorney to represent me on these proceedings. I need an extension of time in order to accomplish this.

/s/ Delores H. Warner
_____
Delores H. Warner"

Thereafter the appellees filed a motion to dismiss the appeal based on the ground that this Court lacks jurisdiction to entertain the filing of the transcript and statement of facts.

█ The affidavits, letter and statements made in the Appellant's Motion for Extension of Time, clearly show that the appellant's first attorney was incapacitated. This reason standing by itself, would qualify as "good cause" why said transcript and statement of facts could not be so filed at least for a reasonable length of time after the appellant learned of the disability. However, according to appellant's own affidavit, she knew that her attorney was incapacitated at least 15 days before the record was due (on the 60th day) in this Court. Thereafter, the appellant employed a second attorney who told the District Clerk that he was the appellant's attorney. The District Clerk's affidavit clearly shows that this new (second) attorney was informed of the information necessary to have completed the record and in time to have had it filed in this Court before the expiration of 60 days. His failure to timely file the record cannot be blamed upon the original illness of the appellant's (first) attorney. Had the appellant and her second attorney been diligent after

**254**

learning of her (first) attorney's illness, and furnished the necessary requirements for completing the record, the record could have been timely filed in this Court.

■ The motion for extension of time filed by appellant's (third) attorney was insufficient. The Motion was unsworn. It contained no chronology of the case. There was no affidavit of the District Clerk or court reporter setting forth reasons for the delay. Carter v. City of Fort Worth, 357 S.W.2d 581 (Tex.Civ. App.—Fort Worth 1962), writ ref'd. n. r. e. Rehkopf v. Texarkana, 460 S.W.2d 939 (Civ.App. Texarkana 1970) writ ref'd n. r. e. and cases cited therein. Fellers v. Anco Sales Co., 327 S.W.2d 797 (Tex.Civ.App. —San Antonio 1959 n. w. h.). Subsequent affidavits show that "good cause" did not exist within the 60 day period why the record could not be filed in this Court. The District Clerk states in his affidavit that the record could easily have been ready for filing in time had the appellant or her attorney furnished them with the necessary information. Although the appellant disputes the District Clerk's affidavit, the appellant does not dispute the fact that she had a second attorney who was advised of the time when the record was due and the information needed to complete the record. No statement or affidavit from this attorney is before us. See Wigington v. Parker Square State Bank, 321 S.W.2d 334 (Tex.Civ.App.—Fort Worth 1959, n. w. h.).

■ The burden was upon the appellant to show by sworn statements that "good cause" existed during the 60 day period allowed by Rule 386 why the record could not have been filed with the Clerk of this Court within that period. The provisions of this rule are jurisdictional and when the appellant fails to show "good cause" why the record could not have been filed during the 60 day period, this Court has no authority to allow the enlargement of time within which to file the record in the Court of Civil Appeals. See Watson v.

Jones, 348 S.W.2d 414 (Tex.Civ.App. Waco 1961, n. w. h.). Whitt v. Hartgraves, 412 S.W.2d 344 (Tex.Civ.App.— San Antonio 1967, n. w. h.).

Appellee's Motion to dismiss is granted.

Appeal dismissed.