**Gll C. GARZA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 85l.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 21, 1973.

Gil C. Garza, Jr., Corpus Christi, for appellant.

Davis Grant, State Bar of Texas, Austin, for appellee.

OPINION

PER CURIAM.

Gil C. Garza, defendant-appellant, has appealed from a judgment that overruled

his plea of privilege to be sued in the county of his residence. He has filed a motion in this Court for an extension of time within which to file the record. The motion, omitting the formal parts and prayer, reads as follows:

"That said defendant, Gil C. Garza, Jr., because of the preparation necessary for the defense of a Murder case in the 105th District Court, Nueces County, Texas, which said trial is at this date on trial, has been unable to file the record of this case in the Court of Civil Appeals, 13th Supreme Judicial District of Texas;"

The judgment appealed from was rendered on November 13, 1973. Appellant's motion for the extension of time was filed on December 7, 1973, which was after the expiration of the 20 day period prescribed by Rule 385, Texas Rules of Civil Procedure. The only question here presented is whether the motion showed "good cause" which would permit the late filing of the record in this Court. We answer that question in the negative.

▇ The burden was on the appellant to show by sworn statements that "good cause" existed during the 20 day period, why the record could not have been filed with the Clerk of this Court within that period of time. The provisions of Rule 385 are jurisdictional and when the appellant fails to show "good cause" why the record could not have been filed during the 20 days following rendition of judgment, this Court has no authority to permit the late filing of the record. See Warner v. Cox, 500 S.W.2d 251 (Tex.Civ.App.—Corpus Christi, n. w. h.); Whitt v. Hargraves, 412 S.W.2d 344 (Tex.Civ.App.—San Antonio 1967, n. w. h.).

▇ Appellant's motion for extension of time is insufficient to show "good cause". The motion does not indicate the dates that the transcript or the statement of facts were requested (or that they were ever requested); it is not supported by an affidavit from the District Clerk as to the reason why the transcript could not have been prepared in time for timely filing; nor is it supported by an affidavit from the Court Reporter as to why the statement of facts could not have been completed in time for it to have been filed within 20 days from November 13, 1973. The fact that appellant, an attorney, was in the trial of a murder case on December 7, 1973, when the motion was filed, is not good cause for failure to timely file the record. See Williams v. Williams, 392 S. W.2d 539 (Tex.Civ.App.—Tyler 1965, n. w. h.); Barron v. Barron, 365 S.W.2d 425 (Tex.Civ.App.—Eastland 1962, n. w. h.). There is no showing whatsoever that the "preparation necessary for the defense of a murder case" prevented, in any way, the completion of the record in time for it to have been timely filed in this Court. Appellant does not state any sufficient reason showing good cause for the delay in filing either the transcript or the statement of facts within the time limited therefor.

The motion for extension of time within which to file the record is denied. The appeal is dismissed.