Billie R. COCHRUM et al., Appellants,

v.

DRESSER INDUSTRIES (DRESSER–ATLAS), Appellee.

No. 974.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 20, 1975.

Arthur L. Lapham, Victoria, for appellants.

Pearson Grimes, Houston, for appellee.

## OPINION

PER CURIAM.

This matter is before us on appellants' motion for extension of time to file the record on appeal.

The motion is not verified nor does it show on what date the trial court's judgment was rendered. Nevertheless, in their motion, the appellants apparently accept that their last day for filing the record was January 24, 1975, and that they have not filed a transcript and statement of facts with the Clerk of this Court within the period of sixty days from judgment required by Texas Rules of Civil Procedure, rule 386.

The transcript and filing fee was tendered for filing and was received by the Clerk of this Court on January 27, 1975. The remainder of the record was tendered and received on January 28, 1975. The motion was filed on January 30, 1975.

We held in Consolidated Casualty Insurance Company v. Wade, 373 S.W.2d 841 (Tex.Civ.App.—Corpus Christi 1963, writ dism'd) at page 842 the following:

"If the record is tendered after the sixty-day period has expired, as in this

case, the appeal will be dismissed by this Court for want of jurisdiction, unless the appellant's motion filed before, at or within a reasonable time not exceeding fifteen days after the expiration of said sixty-day period, shows *good cause to have existed within such sixty-day period* why said transcript and statement of facts could not be so filed. The provisions of this rule (Rule 386) are mandatory and jurisdictional and therefore must be complied with in order to invoke appellate jurisdiction. (cited cases omitted)"

All of which brings us to an examination of appellants' motion to determine whether they have shown good cause to have existed within the sixty-day period why the transcript and statement of facts could not be so filed. In that motion the appellants' explanations are these: that the transcript and filing fee were placed in the mail January 24, 1975, addressed to this Court, certified, with return receipt requested; that they had miscalculated the filing deadline in that they mistakenly thought that posting in the mail was sufficient.

About the statement of facts, the appellants further allege in their motion the following: It was completed by the court reporter on or about December 16, 1974; the original thereof was mailed to appellee's attorney for approval on December 19, 1974. Thereafter, appellants' attorney received a letter, dated December 30, 1974, from appellee's attorney which letter indicated that the original was enclosed; that instrument was not so enclosed. Consequently, the appellants' attorney thought that it had been sent to the court reporter for corrections or to the district clerk's office at Victoria, Texas. Then a search was made and the statement of facts could not be located. Afterwards, on January 22, 1975, appellants' attorney wrote the appellee's attorney inquiring about the location of the missing record. As a result, the appellants' attorney received the statement of facts on January 24, 1975, and on that day placed it in the mail for transmittal to this Court.

The appellants' contentions of good cause for delay may be fairly summarized as these:

1. Appellants' miscalculation of the filing deadline.

2. Appellants' impression that the appellee's attorney had mailed the statement of facts to the court reporter or the district clerk.

3. Appellants' intention to hold some items of the record until all were received in order to send a complete record to our clerk rather than have the record filed piecemeal.

4. Appellee's misplacement, by its attorney, of the statement of facts.

■ About appellants' first contention, miscalculation of time is not good cause for granting an extension of time. Straley v. Commissioners' Court of Lampasas County, 266 S.W.2d 469 (Tex.Civ.App.— Austin 1954, no writ).

■ About appellants' second, third and fourth contentions, their motion shows that the transcript and statement of facts were in the possession of their attorney on January 24, 1975, the last day (within the sixty-day period) for filing the record. Consequently, there is no showing that they could not have hand delivered the record to our Clerk for filing on that last day even though the last permitted day for mailing had passed. Appellants have failed to show that their delay was excusable and not caused by their own negligence; therefore, good cause has not been shown. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952).

■ Another reason that we cannot grant appellants' motion is that it is not verified. Cases interpreting Rule 386 have held that a motion to extend time to file the record on appeal must be verified and

supported by affidavits setting out the facts causing the delay. Warner v. Cox, 500 S.W.2d 251 (Tex.Civ.App.—Corpus Christi 1973, no writ); Bean v. City of Arlington, 464 S.W.2d 208 (Tex.Civ.App. —Fort Worth 1971, no writ); Dellerman v. Trager, 327 S.W.2d 667 (Tex.Civ.App. —San Antonio 1959, writ dism'd).

The appellants' motion is denied and the appeal is dismissed.