Hubert TRIAL, d/b/a Old Fort Trading Post, Appellant,

v.

Don McCOY, Appellee.

No. M10980.

Court of Civil Appeals of Texas, El Paso.

Feb. 25, 1976.

Rehearing Denied March 17, 1976.

Lonnie W. Duke, San Antonio, for appellant.

Schwartz & Earp, Larry H. Schwartz, El Paso, for appellee.

## OPINION

PER CURIAM.

This is an attempted appeal from an order overruling Appellant's plea of privilege. Appellee has contested the Appellant's request for extension of time to file the transcript and statement of facts. The contest is sustained; the request for extension of time is overruled and the appeal is dismissed.

The judgment of the trial Court overruling the plea of privilege was signed and entered on January 5, 1976. Appellant deposited cash in lieu of appeal bond with the District Clerk and the Clerk's certificate showing the deposit on January 26, 1976. This was timely filed under the 20-day requirement of Rule 385(a) Tex.R.Civ.P., as January 25 was a Sunday and the Appellant was permitted the extra day by Rule 4, Tex.R.Civ.P. The Appellant then, on February 2, 1976, filed in this Court of Civil Appeals his Motion for Extension of Time to File Statement of Facts and Transcript. The Appellee contests on the ground that

good cause is not shown by the motion and that, in fact, good cause does not exist as required under Rule 385(b).

More than the question of good cause is presented. The time limits imposed by Rule 385(b) are mandatory and jurisdictional. *State v. Gibson's Distributing Company*, 436 S.W.2d 122 (Tex.1968). The rule states "that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record * * *." The twenty-fifth day from the judgment overruling the plea of privilege was Friday, January 30, 1976. The motion requesting extension was three days late. We have no jurisdiction to grant the motion or to consider the appeal. *Williams v. Pitts*, 151 Tex. 408, 251 S.W.2d 148 (1952); *Cattle Land Oil Co. v. Willis Drilling Company, Inc.*, 509 S.W.2d 383 (Tex.Civ.App.—Corpus Christi 1974, no writ).

Regardless of the above, there is a failure of good cause under the rule. The Appellant's direction to the District Clerk to prepare the transcript was not filed until January 26, 1976. The Appellant was notified on January 27, 1976, that the transcript was ready. Any extension aside, January 26 was the last regular day when it was due for filing in the Court of Civil Appeals. No excuse is shown for this delay in ordering the transcript. *Pledger v. Ools*, 476 S.W.2d 854 (Tex.Civ.App.—Amarillo 1972, no writ).

The court reporter certifies that he was requested on January 21, 1976, to prepare the statement of facts, and he then had only two full working days to complete it before it was due in the Court of Civil Appeals; that he could not complete the statement of facts and perform his other duties as court reporter within the short period of time. Again, there is a failure to answer the preliminary question of whether the request for the record was made within a reasonable time after the entry of judgment appealed from. The purported showing of good cause is defeated. *Garza v. State*, 503 S.W.2d 415 (Tex.Civ.App.—Cor-

pus Christi 1973, no writ); *Pledger v. Ools*, supra; *Sommer v. Richardson*, 420 S.W.2d 742 (Tex.Civ.App.—Eastland 1967, no writ); Reynolds, Texas Rules of Civil Procedure 385 and 386: Whether to Extend the Definitive Time for Filing the Appellate Record, 4 Tex.Tech.L.Rev. 1 at 8.

The question is asked if Rule 21c, Tex.R.Civ.P., effective January 1, 1976, has changed the rules relating to the good cause showing under Rule 385. The test under Rule 386 is no longer that of showing good cause why the record could not be timely filed but is now one where the motion must "reasonably explain" the timely failure to file. Rule 21c speaks generally when it refers to the failure of a party to timely file a transcript and statement of facts in the Court of Civil Appeals and Rule 386, as now amended on January 1, 1976, has been changed to conform to Rule 21c. Rule 385(d) has also been changed but in the face of Rule 21c, Rule 385(b) has not been changed. Rule 385(d) in its changes regarding appeals of temporary injunctions specifically refers to the retention of the time for filing transcripts and statement of facts as presently provided in Rule 385(a) & (b). Because of the urgency of the interlocutory order appeals permitted by Rule 385, and the changes noted, it is the holding of this Court that Rule 21c does not apply to transcripts and statement of facts filed under Rule 385, and that the showing of good cause is still mandatory for any reasonable extension of time.

The Motion for Extension of Time to File the Transcript and Statement of Facts is denied and the appeal is dismissed.