Ples CARTER et al., Appellants,

v.

Billy GOLDBERG, et al., Appellees.

No. 23862.

Court of Civil Appeals of Texas, Dallas.

April 11, 1980.

Samuel W. Hudson, III, Dallas, for appellants.

John D. Crawford, Ray G. Besing, Joseph A. Devany, Dallas, for appellees.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

PER CURIAM.

■ Appellants appeal from an order overruling their application for temporary injunction. They have filed a motion and amended motion for extension of time within which to file the record. Omitting the formal parts and prayer, the amended motion reads as follows:

I.

That Judgment was rendered in this case on February 28, 1980.

II.

Appeal Bond was filed on March 19, 1980.

III.

Requests for Transcript and Record was sent to Trial Court and did not reach proper persons at that time.

IV.

That at least ten (10) days additional time is needed to adequately prepare and file said documents.

On March 14, 1980, fifteen days after rendition of the judgment, appellants requested preparation of the record. Rule 385(b) of the Texas Rules of Civil Procedure requires the filing of "the record in the appellate court within twenty days after rendition of the order appealed from." A reasonable

extension of that time may be granted by the appellate court provided a motion "showing good cause therefor" is filed.[1] The only question raised here is whether the motion "showed good cause" for extension of the time for filing the record. We conclude that the motion did not show good cause and it therefore is denied.

■ In presenting a rule 385(b) motion for extension of time, the appellant has the burden to show by sworn statements "'good cause' why the record could not have been filed during the 20 days following rendition of judgment." *Garza v. State*, 503 S.W.2d 415, 416 (Tex.Civ.App.-Corpus Christi 1973, no writ). Such a showing normally requires an affidavit by the court reporter and district clerk stating why their respective portions of the record cannot be completed within the twenty-day period. *Id.* at 416. If those affidavits indicate that preparation of the record could be completed within twenty days, but that the request for preparation of the record was received too late to allow preparation before the normal filing period expired, then an affidavit must be included with the motion showing good cause for delaying the request for preparation of the record. *See id.* at 416; *Pledger v. Ools*, 476 S.W.2d 854, 857 (Tex.Civ.App.-Amarillo 1972, no writ); *Sommer v. Richardson*, 420 S.W.2d 742, 743 (Tex.Civ.App.-Eastland 1967, no writ). With this information before it, the appellate court can begin to determine whether good cause exists for an extension of time. We do not mean to suggest, as some opinions seem to have done, that delay beyond a certain number of days absolutely precludes a showing of good cause why the record could not have been timely filed. Rather, we simply require that appellant supply sufficient information in support of his motion to meet his burden.

■ In the present case, insufficient facts are stated in the motion and attach-

---

1. This "good cause" standard differs from the "reasonably explaining" standard of Rule 21c. *Trial v. McCoy*, 535 S.W.2d 681, 682 (Tex.Civ. App.-El Paso 1976, no writ); Guittard, *Prelimi-*

*nary Motions in the Appellate Court*, in State Bar of Texas, Appellate Procedure in Texas § 18.11[6] (2d ed. 1979).

ments from which we can determine whether good cause exists for the requested extension of time. Since appellant has not met his burden of showing good cause, we must deny the motion.