BRYSON v. ABNEY. (No. 2054.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 31, 1918. Rehearing Denied Jan. 2, 1919.)

1. INJUNCTION  ⬤⇒260 — RECONVENTION — DAMAGES—MEASURE.

Where an injunction restraining defendant from building on his own land was improper, defendant was entitled to compensation for the damages proximately resulting from that restriction, and the measure of damages was, it appearing that defendant intended to occupy the building for his own mercantile purpose, the cost of securing another building, less the expense incident to doing business in the building he intended to erect.

2. INJUNCTION  ⬤⇒260 — RECONVENTION — DAMAGES—EVIDENCE.

An award of $160 in favor of defendant, who by an injunction was improperly restrained from building on his own land, held not insufficient, but to exceed the amount to which defendant was entitled by $7.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. APPEAL AND ERROR ⬥1171(2)—REVERSAL—GROUNDS.**

A monetary judgment for $160, otherwise proper, will not be reversed because it was excessive in the amount of $7.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by C. M. Abney against J. M. Bryson. From a judgment denying an injunction sought by plaintiff and awarding damages to defendant, defendant appeals, claiming that the amount was insufficient, and plaintiff files cross-assignments of error. Affirmed.

Prendergast & Prendergast, J. H. T. Bibb, all of Marshall, for appellant.

Cary M. Abney, of Marshall, for appellee.

HODGES, J. This is the second appeal in this case. The first is reported in 171 S. W. 508. The suit was originally instituted by Abney to enjoin Bryson from erecting a building on a lot in the town of Waskom. On the first trial Abney secured a perpetual injunction, from which Bryson appealed to this court. The case was reversed and remanded, upon the ground that the evidence was insufficient to support the judgment.

Inasmuch as the testimony relied upon to support a right to the injunction is the same as that adduced in the first trial, we quote from the opinion rendered the material facts bearing upon that issue:

"It appears that appellee bought a tract of 3½ acres from J. W. Furrh about 22 years ago, and on the eastern part of this lot was located his dwelling, which fronts south. Waskom is a village or community of few inhabitants, and the appellee's land is in Waskom. It does not appear that Waskom was ever platted into a town site, or land sold with reference to its being laid off into lots and streets. A public road from the north runs on the east of appellee's property and intersects on the south a road running from the west. Adjoining appellee's land on the south, and between it and the roads, there is located an open and vacant plat of land about 123 feet deep by 186 feet long. Between 10 and 12 years ago J. W. Furrh conveyed to appellee a strip off of the north of the above tract of about 30 feet by its length. Recently J. W. Furrh conveyed appellant a lot off of the west part of the strip of approximately 37 by 45 feet, and appellant undertook to erect a storehouse thereon. It is not deemed necessary to set out all the evidence. At the time appellee bought his residence lot the entire strip on the south was open, vacant land, and was so when he bought the 30-foot strip off of it. There is no evidence that any land was by the owners ever platted into lots or streets, or even laid off on the ground."

The last trial was before the court, and resulted in a judgment refusing the writ of injunction and in favor of Bryson for $160 as damages on his plea in reconvention. Bryson appeals from that judgment, claiming that the amount was insufficient. Abney also files cross-assignments of error, attacking the allowance as excessive, and renews his contention that, under the evidence, he was entitled to the writ of injunction prayed for.

In what is styled a "supplemental answer" filed by Bryson in June, 1918, he alleged, in substance, that at the time the writ of injunction was sued out, in August, 1912, he was engaged in the mercantile business, and desired to erect the house in question to be used for that purpose; that the house would have been finished and ready for occupancy on October 1, 1912, had he not been restrained from building by the issuance of the injunction. He further alleged that the house when completed would have cost about $450, and the rental value thereof would have been worth $12 per month; that after the injunction was served upon him he was forced to rent another building, at an expense of $12 per month, and had been forced to pay that amount as rent for a house in which to do business since the 1st day of October, 1912. He prayed for $700 as actual, and $200 as exemplary, damages. The record contains no reply to this plea in reconvention.

Upon the issue of damages the court filed his conclusions, in which he found as follows: The rental value of the lot in question, with the house on it, would be worth $7.50 per month. The cost of erecting the house contemplated by Bryson would have been $500, and the value of the house and lot together would aggregate $600. The material used in the foundation, which had been placed on the lot at the time the writ was served, amounted to $10. The net amount which Bryson was entitled to recover as damages on account of being wrongfully restrained from building upon the property, and which would compensate him for the damages sustained, was placed at $160. The appellant's contention that the allowance was inadequate is based upon the assumption that the measure of damages, adopted by the court, the rental value of the house contemplated, was correct, and that the evidence showed a greater rental value than that found by the court. Upon that issue the testimony was conflicting, different witnesses giving different estimates, some of which were less than $7.50 per month. The appellee in his cross-assignments insists that the rental value of the house, which was never built, was not the correct measure of the damages.

[1-3] By the issuance of the writ of injunction Bryson had been prevented from building a house on his own lot. He was entitled to compensation for the damages which proximately resulted from that restriction. According to the pleadings and the proof,

this house was intended for occupancy by Bryson in carrying on his own mercantile business, not for rental purposes. He does not allege, or offer to prove, that he could have rented it, or that he would have done so. His damages were the cost of securing another house in which to conduct his business, less the expense incident to doing business in the house he intended to erect. He testified that about 2 years after the issuance of the writ he rented another building at an expense of $8 per month. He has not claimed anything for being deprived of an opportunity to engage in his business during that 2 years. He offered no evidence to show how long he continued to pay that amount of rent; but, assuming that he paid it continuously till the date of the last trial, a period of approximately 46 months, the aggregate amount paid would be $368. Had he been permitted to build his own house he would have expended the sum of $500. The trial court concluded that in estimating the damages Bryson should be charged with 8 per cent. per annum on that investment, as a legitimate expense incident to using his own building. If that sum be deducted from the rents paid it would leave a net loss of approximately $143. To this may be added the sum of $10, the value of the foundation lost. By this process the damages sustained by Bryson in being deprived of the privilege of building and occupying the house contemplated would be about $153, or $7 less than that allowed by the trial court. We regard this difference as too insignificant to call for a reversal of the judgment upon the ground that it was excessive.

The judgment will be affirmed.

---

⚙⚏For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes