**DALLAS JOINT STOCK LAND BANK et al. v. DALLAS COUNTY LEVEE IMPROVEMENT DIST. NO. 9 et al. (No. 10075.)**

Court of Civil Appeals of Texas. Dallas. Jan. 7, 1928.

Rehearing Denied Feb. 4, 1928.

**I. Injunction** ⬅➡**261—Pleadings in action for damages by construction of creek channel held to allege cause of action for damages from delay caused by injunction.**

In action against levee improvement district for damages to owner of vendor's lien note by construction of new creek channel through land conveyed by trust deed securing note, amended complaint and plea of reconvention, showing legal creation of district, appointment of supervisors, contract for construction of channel, commencement of work, and service of writ of injunction, sued out by plaintiff, thereby stopping work for stated time to defendants' damage in amount agreed to be paid contractors for delay, sufficiently alleged cause of action for damages from issuance and service of injunction.

**2. Evidence** ⬅➡**43(3)—In action for damages by construction of creek channel, with cross-action for damages from delay caused by injunction, court could take cognizance of injunction proceedings.**

As cross-action by levee improvement district for damages from delay caused by issuance and service of injunction against construction of new creek channel grew out of and was ingrafted on injunction proceedings, court could take cognizance of application therefor, order granting writ, execution of bond, issuance and service of writ, and dissolution thereof, in subsequent action for damages by construction of channel.

**3. Injunction** ⬅➡**261—Allegation of special damages in amount paid improvement contractors for delay by injunction held unnecessary.**

Damages awarded levee improvement district for delay caused by injunction against construction of new creek channel in agreed amount per hour which district was compelled to pay contractors *held* actual, natural, and proximate result of wrong committed, and sufficiently pleaded in reconvention without alleging special damages.

**4. Injunction** ⬅➡**257—Bank wrongfully suing out injunction against improvement was charged with knowledge of district's recorded contract to pay contractors for delay (Acts 34th Leg. [1915] c. 146, § 47).**

Contract of levee improvement district to pay contractors $10 for each hour work was delayed, being required to be in writing and filed with and recorded by clerk of commissioners' court, bank owning vendor's lien note, secured by trust deed of land through which channel was constructed, was charged with knowledge of its terms, under Acts 34th Leg. (1915) c. 146, § 47, and hence liable in such amount for delay caused by wrongful issuance and service of injunction against construction of channel.

**5. Injunction** ⬅➡**241—Sureties on injunction bond may be declared liable on proper plea in reconvention, though not made parties to suit.**

Sureties on injunction bond being for all practical purposes parties to suit and subject to court's jurisdiction, their liability, as well as that of principal, can be declared by court on proper plea in reconvention, supported by proof, though they were not made parties to suit.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by the Dallas Joint Stock Land Bank against the Dallas County Levee Im-

provement District No. 9 and others, in which the Improvement District filed a plea of reconvention. From a judgment for the Improvement District against plaintiff and the Massachusetts Bonding & Insurance Company as surety on plaintiff's injunction bond, plaintiff and such surety appeal. Affirmed.

Renfro, Ledbetter & McCombs, of Dallas, for appellants.

Nathaniel Jacks and E. E. Hurt, both of Dallas, for appellees.

LOONEY, J. Dallas County Levee Improvement District No. 9 was having a new channel for Rowlett creek dug through the area of the district, including 62 acres of land that belonged to J. S. Herfurth, who had granted to the district right of way for the channel. Dallas Joint Stock Land Bank owned a vendor's lien note against the Herfurth land that was secured by a deed of trust and, conceiving that its security was being impaired by the construction of the new channel, brought an action for damages, the channel being at the time partially completed, and sought an injunction to restrain the district, its supervisors, and Fortson Bros., contractors, who were doing the work, from completing the channel and to compel restoration of the status quo. A temporary writ was issued on the execution of bond in the sum of $5,000 with the Massachusetts Bonding & Insurance Company as surety. On motion, this writ was dissolved. The Land Bank appealed from the order of dissolution, but was denied the relief sought. Dallas Joint Stock Land Bank et al. v. Dallas County Levee Improvement District No. 9 et al. (Tex. Civ. App.) 263 S. W. 1103.

By agreement of parties, the pleadings then on file were adopted as the beginning of this suit. Plaintiff thereupon amended, abandoned its plea for injunction, and prayed for damages for the alleged impairment of its security. The improvement district also amended, answered by general denial, and in a plea of reconvention sought damages against the bank and its surety resulting from the issuance and service of the injunction. The case was submitted to a jury on special issues, and on their findings to the effect that plaintiff's security suffered no impairment by reason of constructing the new channel, and that the district was damaged by reason of the delay in the work caused by the service of the writ of injunction to the extent of 150½ hours, the court rendered judgment that the plaintiff take nothing and gave judgment in favor of the district against the plaintiff and the surety on its injunction bond for $1,505, being $10 per hour for the time work on the channel was delayed.

The bank and the insurance company have appealed, and insist upon two propositions as a predicate for the appeal, as follows:

[1] First. That the defendants' plea in reconvention for damages failed to state a cause of action, hence no evidence should have been admitted thereunder, and that the same is insufficient to support the judgment rendered.

Appellants' contention seems to be that only by reference to their original answer and motion to dissolve the injunction, a pleading that was abandoned by filing an amendment on which the case was tried, do the defendants allege that they had the legal right to construct the new channel for Rowlett creek, or that the defendants violated such right. We do not accept this view of the matter. Without reference to the allegations of abandoned pleadings, it can be satisfactorily ascertained from the combined allegations of pleadings of the parties on which the case was tried that the levee improvement district was legally created, supervisors were appointed and contracted with Fortson Bros. to construct the new channel for Rowlett creek; that the contractors proceeded to carry out the contract; an injunction was sued out by plaintiffs, with the Massachusetts Bonding & Insurance Company as surety on the bond for injunction; that the writ was served on defendants and the work of digging the channel was thereby stopped for 150½ hours, and defendants damaged $10 per hour, wherefore they prayed for damages against the plaintiff and its surety on the injunction bond for the sum of $1,505, etc. This, in our opinion, sufficiently alleged a cause of action for damages resulting from the issuance and service of the injunction.

[2] As the cross-action for damages grew out of and was ingrafted upon the proceedings for injunction, the court could take cognizance of the application therefor, the order granting the same, the execution of the bond, the issuance and service of the writ, and the dissolution thereof. 23 Corpus Juris, p. 112, § 1919. We therefore overrule this proposition.

[3] Second. Appellants' other contention is that the damages allowed defendants were, in their nature special and not such as resulted naturally and necessarily from the wrongful injunction and, as defendants failed to plead special damages, no evidence other than that showing damages of a general nature should have been admitted.

The injunction was intended to stop work on the channel—and necessarily had that effect, and delayed the work for the time it was effective, which was shown to be 150½ hours. The evidence further showed that defendants, under the terms of their contract with Fortson Bros., contractors, were compelled to pay them for this delay $10 per hour. The damages awarded were, in our opinion, the actual, natural, and proximate result of the wrong committed by the injunction and were sufficiently pleaded. Galveston, etc., Co. v. Miller (Tex. Civ. App.) 38

S. W. 1132; Bryson v. Abney (Tex. Civ. App.) 207 S. W. 945, 946; Castleman v. Williams (Tex. Civ. App.) 263 S. W. 638.

[4] It was in evidence that plaintiffs' attorney was informed by defendants at. the time the injunction was sued out that, under the contract with Fortson Bros., they would be compelled to pay them $10 per hour for each hour the work was delayed; furthermore, this contract was required to be in writing and filed with and recorded by the clerk of the commissioners' court. It was, therefore, a public record and plaintiff was charged with knowledge of its terms. See Acts 34th Legislature, chapter 146, section 47; Miller, etc., Co. v. Bridgers (Tex. Civ. App.) 269 S. W. 838, 839. We therefore hold that the court did not err in admitting evidence in support of defendants' plea.

[5] Sureties on an injunction bond are, for all practical purposes, parties to the suit, are subject to the jurisdiction of the court, and their liability, as well as that of the principal, can be declared by the court on a proper plea in reconvention supported by proof by the party entitled to relief. T. & N. O. Ry. Co. v. White, 57 Tex. 129, 134, 135; Sharp v. Schmidt, 62 Tex. 263, 265; Coates v. Caldwell, 71 Tex. 19, 23, 8 S. W. 922, 10 Am. St. Rep. 725.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.