**L. D. GIBSON, Appellant,**

v.

**E. H. McCULLOUGH, Appellee.**

Motion No. 11727.

Court of Civil Appeals of Texas.

Austin.

Oct. 3, 1956.

Snodgrass & Smith, Clifton, H. Tupper, San Angelo, for appellant.

Little & Gilliland, Big Spring, Runge, Hardeman, Smith & Foy, San Angelo, for appellee.

ARCHER, Chief Justice.

On August 8, 1956 in Motion No. 11,720, we overruled appellant's motion for extension of time to file transcript and statement of facts, citing Matlock v. Matlock, 151 Tex. 208, 249 S.W.2d 587.

Appellant on August 21, 1956 filed an application for rehearing on his Motion No. 11,720.

A brief resume of the sequence of events in the case are that on May 11, 1956, appellant's motion for a new trial was overruled. In due order of filing the transcript and statement of facts would have been filed in this Court on or before July 10, 1956. The transcript and statement of facts were received in the office of this Court on July 13, 1956. The Clerk's file mark in the District Court on the statement of facts is June 18, 1956.

The appellant concedes that he did not request either of appellee's attorneys to approve the statement of facts until July 3, 1956, on which date it was approved by some of the attorneys.

Appellant's letter to the Clerk of this Court advising the Clerk that the transcript and statement of facts would come by railway express is dated July 11, 1956, and the transcript and statement of facts were received by the Clerk on July 13, 1956. The motion for extension of time in which to file the transcript and statement of facts was filed on July 14, 1956.

Appellant would justify delay in filing the transcript and statement of facts because of a delay in getting attorney James Little to confirm attorney Marshall's former approval of the statement of facts. Mr. Little by letter dated July 9, 1956, confirmed Mr. Marshall's approval and the transcript and statement of facts were sent to the Clerk of this Court on the date above set out. It appears that no effort was made to contact Mr. Little by telephone either at his office on July 3, 1956 or in Houston where Mr. Little was in attendance at the State Bar Convention.

We do not believe that appellant has shown good cause why the transcript and statement of facts *could not* have been filed in this Court within the 60-day period following May 11, 1956, and appellant's ap- plication for rehearing on his motion for extension of time for filing the transcript and statement of facts is overruled. Rule 386, Texas Rule of Civil Procedure; Matlock v. Matlock, supra.

In the Matlock case our Supreme Court has held that there must be a showing of good cause to have existed within such 60-day period why said transcript *could not* be so filed, and further that the restriction in Rule 386 leaves the Court of Civil Appeals with but little discretion in determining whether or not to permit the late filing of a transcript.

The appellee has filed his motion to affirm on certificate, which has been given the number of 11,728 on our Motion Docket. On account of the failure of appellant to file a transcript and statement of facts in this cause with the Clerk of this Court, and since we have overruled appellant's motion for an extension of time in which to file the transcript and statement of facts, we sustain appellee's motion, and the judgment of the trial court is affirmed on certificate. Rule 387, Texas Rules of Civil Procedure; Matlock v. Matlock, supra.

Appellant's motion overruled.