**Fred ORTIZ, Appellant,**

**v.**

**ASSOCIATED EMPLOYERS LLOYDS,
Appellee.**

**No. 11733.**

Court of Civil Appeals of Texas.

Austin.

Oct. 10, 1956.

Putman & Putman, San Antonio, for appellant.

Carl Wright Johnson, Alfred W. Offer, San Antonio, for appellee.

GRAY, Justice.

Appellant did not file the record in this cause within the sixty-day period as required by Rule 386, Texas Rules of Civil Procedure, and on August 28, 1956, filed his motion in this Court which omitting the formal parts reads:

"Comes now Fred Ortiz, Appellant in the above entitled and numbered cause and moves the Court to grant him an extension of time for filing the statement of facts and transcript in this Court for the reason that although such instruments have recently been completed and have been delivered to the attorneys for the appellee for inspection and approval, the attorney for appellee who actually conducted the defense in the trial court is out of the city and will not return for a period of at least two weeks.

"Wherefore, premises considered, appellant moves this Honorable Court to extend the time for filing the Statement of Facts and Transcript in this cause for a period of thirty days from and after the 29th day of August, 1956, and to permit the filing of such instruments at any time up to and including the 28th day of September, 1956."

The motion bears an indorsement signed by appellee's attorney which reads:

"Appellee, Associated Employers Lloyds, consents to the granting of the foregoing motion and does not wish to contest it."

The record has been tendered for filing and was received by the Clerk of this Court on September 26, 1956.

Appellant's motion for a new trial was overruled June 30, 1956, he excepted and gave notice of appeal to this Court and thereafter filed an appeal bond. Thus the sixty-day period for filing the record in this Court as required by Rule 386 supra expired August 29, 1956, absent a motion showing the existence of good cause for failure to timely file the record.

From this record it becomes our duty to determine whether this Court has acquired jurisdiction of the appeal.

■ It is our opinion that the motion fails to show that good cause existed for failure to file the record within sixty days from June 30, 1956. It shows the record was completed prior to August 28 but was not filed in this Court because of the absence of appellee's attorney who conducted the defense in the trial court. There is no apparent reason why the record could not have been filed on August 28 as easily as the motion and if there was a necessity for the record to be amended then provision for such amendment is made by the Texas Rules of Civil Procedure. See Rule 428. Under the holding in Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, good cause is not shown.

■ The provisions of Rule 386 supra are mandatory and jurisdictional and therefore must be complied with in order to invoke appellate jurisdiction. Hanna v. Home Ins. Co., Tex.Civ.App., 260 S.W.2d 891, 896, er. ref. n. r. e.; Eldridge v. Lake Whitney Enterprises, Tex.Civ.App., 231 S.W.2d 466; Donnelly v. Donnelly, Tex. Civ.App., 241 S.W.2d 754.

Except for the indorsement of the motion we would rest our decision here and dismiss the appeal. Pioneer American Ins. Co. v. Knox, Tex.Civ.App., 199 S.W.2d 711, er. ref.

■ At most the indorsement is an agreement to a late filing of the record— a jurisdictional requisite, or it is a waiver. Appellate jurisdiction cannot be conferred by the consent or stipulation of the parties. 3-A Tex.Jur., Sec. 33, p. 42, and because the timely filing of the record is a jurisdictional requisite it cannot be waived. Walker v. Cleere, 141 Tex. 550, 174 S.W. 2d 956. Straley v. Commissioners' Court

of Lampasas County, Tex.Civ.App., 266 S.W.2d 469.

It is our opinion that this Court does not have jurisdiction of the attempted appeal of this cause for which reason the motion is overruled and the appeal is dismissed.

Motion overruled and appeal dismissed.