John Neeley BARRON, Appellant,

v.

Clara BARRON, Appellee.

No. 3778.

Court of Civil Appeals of Texas.

Eastland.

Dec. 14, 1962.

Rountree, Renner & Snell, Lamesa, for appellant.

Huffaker & Green, Tahoka, for appellee.

COLLINGS, Justice.

Appellant, John Neeley Barron, has filed a motion for extension of time in which to file a Transcript and Statement of Facts. Appellee, Clara Barron, has filed a motion to affirm on certificate.

■ It is shown that judgment was entered on August 7, 1962, granting appellee a divorce, adjudication of property rights, granting plaintiff custody of minor children and directing the sale of certain community property by a receiver. On September 12, 1962, appellant's motion for a new trial was overruled and he immediately gave notice of appeal. Thereafter, on October 13, 1962, appellant filed his cost and supersedeas bond which was on the same date approved by the clerk of the District Court and thereby perfected his appeal. Rule 356, Vernon's Annotated Texas Rules of Civil Procedure and Article 4591, Vernon's Ann.Tex.Civ.St. Appellant has not filed a Transcript or Statement of Facts in this court but on November 9, 1962, did file a motion for an extension of time in which to file his Transcript and Statement of Facts.

Rule 386, V.A.T.R.C.P. provides as follows:

"Time to File Transcript and Statement of Facts. In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

■ Appellant's motion for an extension of time in which to file his Transcript and Statement of Facts was timely filed under the provisions of Rule 386, supra. The motion did not, however, show good cause

why said Transcript and Statement of Facts could not be filed within the required sixty day period and should, therefore, be overruled. The allegations set out in the motion for extension show that appellant saw his counsel several times after the overruling of his motion for a new trial and that on each occasion his attorney emphasized the importance of diligence in requesting the proper officials to prepare the Transcript and Statement of Facts but that appellant never informed his counsel that he wanted to go ahead with the appeal or authorized him to order the preparation of the Transcript and Statement of Facts until November 8, 1962. Then on November 9, 1962, counsel filed appellant's motion for an extension of time in which to file said Transcript and Statement of Facts because it was then impossible for same to be prepared and filed within the sixty day period. No diligence by appellant is shown. The only excuse or reason urged by appellant as a ground for good cause was his difficulty in realizing the necessity of complying with the provisions of Rule 386, supra. This is not good cause for the failure to timely file a Transcript and Statement of Facts. Appellant's motion for an extension of time to file same is overruled. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587.

Rule 387, V.A.T.R.C.P. provides that if an appellant fails to file a Transcript in proper time that the appellee may, upon motion, have the case affirmed on certificate by filing in the appellate court a certified copy of the judgment and a certificate of the clerk of the trial court stating the time, when and how the appeal was perfected. The rule also provides that if a copy of the bond accompanies such certificate the judgment shall be affirmed against the sureties thereon. Appellee has filed a motion to affirm on certificate and has also filed in this court a certified copy of the judgment and a certificate of the clerk of the trial court stating when and how the appeal was perfected. A copy of the bond accompanies the certificate. Ten days notice by mail of the hearing of appellee's motion has been given by the clerk of this court to appellant as required by the rule. Since appellant has failed to file a Transcript and Statement of Facts as required in such cases and we have overruled his motion for an extension of time to file same, we sustain appellee's motion, and the judgment of the trial court is affirmed on certificate, including judgment against E. E. Barron and S. R. Barron, as sureties on appellant's cost and supersedeas bond. Matlock v. Matlock, supra; Gibson v. McCullough, Tex.Civ.App., 294 S.W.2d 759; Taylor v. Humble Oil & Refining Company, Tex.Civ.App., 293 S.W.2d 834.

Judgment affirmed on certificate.