John HAMMAN, III, et al., Appellants,

v.

GEOPHYSICAL DATA PROCESSING CEN-
TER, INC., and States Geophysical Cor-
poration, Inc., Appellees.

No. 451.

Court of Civil Appeals of Texas.

Corpus Christi.

July 31, 1968.

Moore & Morris, Thomas W. Moore, Jr., Houston, for appellants.

Fischer, Wood, Burney & Nesbitt, Scott T. Cook, Corpus Christi, for appellees.

## OPINION

GREEN, Chief Justice.

■ Appellants tendered the transcript for filing in this Court on July 8, 1968, the 63rd day after the rendition of the judgment from which they seek to appeal. Said judgment was signed May 6, 1968. The sixty-day period allowed by Rule 386, Texas Rules of Civil Procedure expired on July 5, 1968. On July 12, 1968, appellants filed their first motion for an extension of time to file the transcript. Appellees have filed their motion to strike the transcript for late filing, and to dismiss the appeal. On July 30, 1968, over 75 days after the entry of judgment, appellants filed a second motion for extension of time. This motion differed from the first only in that it was verified by appellants' counsel, whereas the first was not sworn

to. The second motion was filed too late to be considered by the Court. Rule 386, T.R.C.P.; Consolidated Casualty Insurance Company v. Wade, Tex.Civ.App., 373 S. W.2d 841, 843 [7] wr. dis.; Carter v. City of Fort Worth, Tex.Civ.App., 357 S.W.2d 581, wr. ref. n. r. e.

■ The only allegation of good cause for late filing in either of appellants' motions was that

"* * * after said transcript had been ordered on June 13, 1968, appellants' attorney was out of the State of Texas for much of the time actively participating in a case and had assumed that the District Clerk of Nueces County, Texas, would notify him when said transcript had been completed, and also, appellants' attorney suffered a severe sprain of his ankle which incapacitated him for several days and he was not able to return to his office until July 8, 1968, when he inquired of the District Clerk of Nueces County, Texas, whether said transcript had been completed or filed and was then notified that it has not been filed. Appellants' attorney respectfully states that the delay in filing the transcript was not caused by his negligence, but by fortutious circumstances, as appellants seriously intend to prosecute their appeal."

Appellants' first request to the clerk to prepare the transcript, together with their designation of the instruments to be included therein, was made on June 12, 1968. The transcript, which was not lengthy, was completed and ready for appellants on June 13, 1968. The first word received thereafter by the clerk from appellants was on July 8, 1968, when the attorney requested the clerk to forward the transcript to our Court.

Under the applicable authorities, the appellants have not shown "good cause to have existed within such sixty-day period why said transcript * * * could not be so filed, * * *." Rule 386, T.R.C.P.; Matlock v. Matlock, 151 Tex. 308, 249

S.W.2d 587; Consolidated Casualty Insurance Company v. Wade, supra; Ortiz v. Associated Employers Lloyds, Tex.Civ. App., 294 S.W.2d 880, n. w. h.; Gibson v. McCullough, Tex.Civ.App., 294 S.W.2d 759, n. w. h.

Appellants' motion for leave to file the transcript is overruled. Appellees' motion to dismiss this appeal is granted.

Appeal dismissed.