Ralph M. LOWE, Sr., et al., Appellants,

v.

Julio VALDEZ, Appellee.

No. 8222.

Court of Civil Appeals of Texas, Amarillo.

Aug. 9, 1971.

Jim Kimmel, Lubbock, for appellants.

Hugh Harrell, Lubbock, for appellee.

REYNOLDS, Justice.

Before us for consideration is appellee's motion to affirm the judgment of the trial court on certificate. Rule 387[1]. The motion is granted.

In cause No. 61,682, pending on the docket of the 137th Judicial District Court of Lubbock County, the trial judge ordered a part of the cause of action severed under cause No. 61,682–A, and thereafter entered a final summary judgment in cause No. 61,682–A. Appeal from this summary judgment was perfected in the trial court. The transcript was tendered for filing in this court beyond the sixty-day period prescribed by Rule 386, and was not filed. Rule 389a. Appellee filed a motion to dismiss the appeal because of the late tender of the transcript. On July 14, 1971, in an unpublished order we overruled and denied appellants' motion for an extension of time within which to file the transcript. On July 19, 1971, appellee filed his motion for affirmance on certificate, accompanied by certified copies of the judgment, supersedeas bond, the clerk's certificate of cash deposit in lieu of appeal bond, and the clerk's certificate stating the time when and how the appeal of this cause was perfected. On July 28, 1971, appellants answered, contending that appellee waived his right to affirmance on certificate by filing his motion to dismiss the purported appeal. Ten days notice by mail of the hearing of the motion and answer has been given by the clerk of this court as required by Rule 387. Counsel waived appearance and argument.

Appellee, by filing a motion to dismiss the appeal because of the late tender of the

transcript, did not waive his right to move for affirmance on certificate. At the time of filing of appellee's motion to dismiss, this court's jurisdiction of the purported appeal had not been invoked, the transcript not then, nor thereafter, having been filed.[2] Thus, the motion to dismiss was a nullity.

Appellee's motion to affirm on certificate, being accompanied by the requisite documents and being submitted within one year after the time appellants had the right to file the transcript, entitles appellee to have the judgment in cause No. 61,682–A affirmed on certificate, including judgment against John J. Chauncey, Jr., and A. J. Stetz, as sureties on appellants' supersedeas bond. Barron v. Barron, 365 S.W.2d 425 (Tex.Civ.App.—Eastland 1962, no writ); Jones v. Banks, 331 S.W.2d 370 (Tex.Civ. App.—Dallas 1960, no writ).

Judgment affirmed on certificate.

---

1. All references to rules are to Texas Rules of Civil Procedure.

2. See Allen v. United Supermarkets, Inc., 467 S.W.2d 616 (Tex.Civ.App.—Amarillo, 1971, no writ), in which this court recently had occasion to write on the lack of jurisdiction of the appellate court to consider a purported appeal absent a timely filed record.