Sonfeld & Hasse, Robert S. Sonfeld, Brownsville, for appellants.

Carter, Stiernberg, Skaggs & Koppel, Jack Skaggs, Harlingen, for appellees.

## ON APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE TRANSCRIPT

SHARPE, Justice.

This is an attempted appeal from a summary judgment in favor of appellees, defendants below, that appellants, plaintiffs below, take nothing by their suit.

The summary judgment was rendered on September 7, 1971. Notice of appeal was included in the judgment. An appeal bond was timely filed on October 4, 1971. Designation of the transcript was made by letter of October 5, 1971 and received by the clerk on October 7, 1971. The 60th day after rendition of the judgment fell on Saturday, November 6, 1971. The time for filing the record in this Court was, therefore, enlarged through Monday, November 8,

**David E. KORITAN et al., Appellants,**

v.

**ROLOFF DEVELOPMENT COMPANY et al., Appellees.**

No. 700.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 30, 1971.

1971. Rule 4, Texas Rules of Civil Procedure. Our clerk received the transcript on November 11, 1971 in an envelope postmarked November 10, 1971, which also contained a letter of transmittal dated November 9, 1971 signed by counsel for appellants. On November 11, 1971 our clerk advised counsel for appellants in substance that the transcript had been received too late and she was not authorized to file it. Reference was made to Rule 386, T.R.C.P., and counsel for appellants was further advised that the transcript would be held by the clerk pending further instructions. On November 17, 1971 appellants filed a motion for extension of time in which to file the transcript. Appellees contested said motion on November 23, 1971, asserting in substance that appellants have not satisfied the requirements of Rule 386, T.R.C.P., and particularly that appellants have not shown good cause to have existed within the sixty-day period after judgment why said transcript could not have been filed within such period.

Appellants' motion for extension and the attached statement of the Deputy District Clerk show that on the afternoon of Friday, November 5, 1971 (the 59th day after rendition of judgment) the Deputy District Clerk of Cameron County at Brownsville advised counsel for appellants, also of Brownsville, that the transcript was complete and ready for delivery. The transcript reflects that it was certified to on that date. A certificate of delivery of the transcript to counsel for appellants was not complete on November 5, 1971, but lacked only the filling in of a blank space showing the date of actual delivery and the signature of the clerk or deputy as to such delivery. The certificate of delivery reflects that it was filled in and signed by the Deputy Clerk on November 9, 1971, one day after the transcript was due to be filed in this Court. The transcript was mailed on November 10, 1971 and received by our clerk on November 11, 1971, the latter date

being the third day after the last day for timely filing in this Court.

There is nothing in the record to show why delivery of the transcript was not accepted by appellants on November 5, 1971 or thereafter until November 9, 1971. If the transcript had been mailed on November 5, 6 or 7, 1971, it would have been timely filed when received by the clerk on November 11, 1971 because of the provisions of Rules 4 and 5, T.R.C.P. Since the last day for timely filing of the transcript was November 8, 1971 and it was ready for delivery on that date (and had been since November 5th) it was possible for appellants to have arranged for its delivery to this Court for filing on that date. Appellants have not made any showing as to why such action was not taken or concerning their failure to accept delivery of the transcript until November 9th, 1971, which was one day late for timely filing in this Court.

We agree with appellees that appellants have not shown good cause to have existed within the sixty day period after judgment (even as extended by the provisions of Rules 4 and 5, T.R.C.P.) why the transcript could not have been filed within such period. See Hamman v. Geophysical Data Processing Center, Inc., 430 S.W.2d 840 (Tex.Civ.App., Corpus Christi, 1968, n. w. h.); Meridian Resources, Inc. v. Colley Gin Company, 430 S.W.2d 372 (Tex. Civ.App., Corpus Christi, 1968, n. w. h.); Green v. Davis, 451 S.W.2d 579 (Tex.Civ. App., Ft. Worth, 1970, n. w. h.); and the many cases cited in those opinions.

Under Rule 386, T.R.C.P. and the authorities construing it we are not authorized to grant appellants' motion for extension of time to file the transcript, and the motion is denied.

Appellees' contest is sustained and appellants' attempted appeal is dismissed.

Appeal dimissed.