**Mrs. Art SCHRADER et al., Appellants,**

v.

**Luis F. GARCIA et al., Appellees.**

**No. 901.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 31, 1974.

Rehearing Denied Nov. 21, 1974.

See also Tex.Civ.App., 512 S.W.2d 830, 516 S.W.2d 693.

O. F. Jones, Victoria, for appellants.

Ben A. Donnell, Meredith & Donnell, J. Robert McKissick, William R. Edwards, Corpus Christi, Nago Alaniz, San Diego, for appellees.

## OPINION OF MOTION FOR EXTENSION OF TIME TO FILE STATEMENT OF FACTS

PER CURIAM.

The appellant has filed his third motion for an extension of time to file the statement of facts. Originally, the statement of facts was due July 16, 1974. On June 21, 1974, the appellant filed the transcript and a motion for an extension of time to file the statement of facts. This sworn motion stated that the court reporter was unable to complete the statement of facts within the time required. The motion clearly sets out that the appellant had timely made her request for the statement of facts on the 21st day of May, 1974. According to the court reporter, she was unable to complete the statement of facts because of several records that she was working on. She sought and this Court granted additional time until September 15, 1974, in which to complete the record.

The appellant then filed on September 13, 1974, a second motion for extension of time in which to file the statement of facts in which she stated that the statement of facts was completed and delivered to the attorney for the appellant on September 4, 1974. In the motion, the attorney for the appellant stated that he had reviewed the statement of facts and had approved them and delivered them to the attorney for the appellee, the Honorable James R. McKissick, on September 11, 1974. As a basis for good cause, the appellant stated in his mo-

tion that the Honorable David Perry, who had been associated with the Honorable William R. Edwards, had tried the case on behalf of the appellees but that he had left Mr. Edwards' office and the case had been turned over to Mr. McKissick. The motion stated that Mr. McKissick had requested that Mr. Perry review and approve the statement of facts since he had tried the case. The motion set out reasons why Mr. McKissick and Mr. Perry would be busy until September 18, 1974. Whereupon all parties to the appeal joined in the motion to extend the time until September 24, 1974, in which to file the statement of facts. This second motion was granted, extending the time until September 24, 1974 as requested.

On October 1, 1974, the appellant filed his third motion for extension of time, the same being eight (8) days after the statement of facts was due to be filed in this Court. The third motion sets forth the following reasons for the failure to file the statement of facts on time.

## "II.

That Mr. David Perry, counsel for Plaintiff at the trial of this cause, has not been available to review and approve the Statement of Facts as was contemplated by the parties herein.

## III.

That the undersigned counsel for Appellees, J. Robert McKissick, has agreed to review and approve the Statement of Facts and present the same for filing on or before October 4, 1974."

The appellant filed his original motion for extension of time within the time prescribed by Rule 386, Texas Rules of Civil Procedure. By the filing of the transcript and/or by the filing of a proper motion for extension of time, this Court has jurisdiction of the appeal. Where the transcript has been filed or a motion timely filed which shows good cause, the jurisdiction attaches and the Court of Civil Appeals may permit the record to be filed thereafter "upon such terms as it shall prescribe". See Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585 (1940); Hodges v. Nix, 225 S.W.2d 576 (Tex.Civ.App.—Galveston 1949, writ ref'd n. r. e.).

The Parks v. Purnell case establishes the proposition that once the jurisdiction of the Court of Civil Appeals has attached, (in that case by the proper filing of the first motion for extension of time), the Court of Civil Appeals can then control the future situation on such terms as it shall prescribe so long as good cause is shown. Western United Realty Company v. Shaw, 356 S.W.2d 205 (Tex.Civ.App.—Eastland 1962, writ ref'd).

Rule 386, T.R.C.P., is based upon public policy which demands speedy disposition of civil litigation. Strict and literal compliance is required to invoke the jurisdiction of the Court of Civil Appeals. Allen v. United Supermarkets, Inc., 467 S.W.2d 616 (Tex.Civ.App.—Amarillo 1971, no writ).

The rule prescribes that the appellant must make a showing of "good cause" in order to extend the time in which to file the record. The strict legal "good cause" to be determined why the record could not have been filed within the sixty (60) days relates to the first motion. It must be strictly construed as it affects the jurisdiction of the appellate court. Patterson v. Hall, 430 S.W.2d 483 (Tex.Sup.1968). However, once jurisdiction has attached, there obviously must be some area wherein the Court of Civil Appeals can exercise its discretion in permitting the record to be subsequently filed upon certain terms as it shall prescribe. Whatever discretion the Court of Civil Appeals has in this connection, it still is required to grant the motion

only upon a showing of "good cause". Patterson v. Hall, supra.

This Court has held that the inadvertent failure of appellant's attorney to see that counsel for appellee had read the statement of facts and signed it prior to the expiration of the time for filing of the record does not constitute good cause. Consolidated Casualty Insurance Company v. Wade, 373 S.W.2d 841 (Tex.Civ.App.—Corpus Christi 1963, writ dism'd). We have also held that a waiver, stipulation, or agreement of counsel to extend the period of time cannot be considered as a substitute for the good cause necessary to permit the late filing of the record. Consolidated Casualty Insurance Company v. Wade, supra.

■ Here, the motion was not sworn to and it was not filed within the time prescribed by this Court. The attorney that finally did sign and approve it, had the statement of facts since September 11, 1974. The appellant did not attempt to show any diligence on his part in getting the record approved and filed. The appellant did not set forth a single reason constituting good cause for the late filing of the record. See Warner v. Cox, 500 S.W.2d 251 (Tex.Civ.App.—Corpus Christi 1973, no writ).

Other Courts of Civil Appeals have also denied the granting of such a motion upon similar facts for the lack of good cause. Gibson v. McCullough, 294 S.W.2d 759 (Tex.Civ.App.—Austin 1956, n. w. h.); Ortiz v. Associated Employers Lloyds, 294 S.W.2d 880 (Tex.Civ.App.—Austin 1956, n. w. h.); Fellers v. Anco Sales Company, 327 S.W.2d 797 (Tex.Civ.App.—San Antonio 1959, n. w. h.), and Watson v. Sellers, 477 S.W.2d 678 (Tex.Civ.App.—Houston [14th Dist.] 1972, n. w. h.). We hold that appellant has not shown that good cause has existed for the granting of the third motion.

Appellant's third motion for extension of time in which to file the statement of facts is denied.