HOME FUND, INC., et al., Appellants,

v.

O. D. GARLAND, Appellee.

No. 17582.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 21, 1975.

Rehearing Denied March 28, 1975.

Kenneth Beanland, San Antonio, for appellants, Home Fund, Inc. and Carl Raymond Crites.

Richard T. Haase, San Antonio, for appellant, Henderson Glass.

L. Royce Coleman, Jr., Denton, for appellee.

## OPINION

BREWSTER, Justice.

In appellee's two cross-points he contends that this Court erred on each of the two occasions that it entered orders granting to the appellants an extension of time in which to file the statement of facts.

In his first cross-point he contends that on neither occasion when we granted such extensions did appellants show the existence of good cause why they could not have filed the statement of facts before the applicable deadline.

In his second cross-point appellee contends that the form of appellants' two motions for an extension of time and the form of the evidence offered to this Court in connection with such motions for the purpose of showing the existence of good cause for an extension of time was legally insufficient and that this Court erred for that additional reason in granting each of the two motions for an extension of time for filing the statement of facts.

We sustain both of appellee's cross-points.

It was undisputed that July 22, 1974, was the last day of the 60 day period prescribed by Rule 386, Texas Rules of Civil Procedure, for the filing of the statement of facts and transcript.

*Did good cause exist within the 60 day period why appellants could not have filed the statement of facts within the 60 day period?*

On July 22, 1974, the last day of the 60 day period, appellants filed their first motion for an extension of time in which to file the statement of facts. The appellants did not at any time file any affidavits in support of this first motion, and did not ever attempt at any time to furnish this Court any legitimate evidence which we could consider tending to prove that the appellants did have good cause for not filing the statement of facts within the 60 day period. The appellee did not oppose the motions.

On August 2, 1974, with the record in that state, we granted appellants' first motion for an extension of time and extended the time in which appellants could file the statement of facts to August 21, 1974.

■ Appellee now contends that we erred in granting that first extension of time. After briefing the question we are convinced that we did err in granting appellants' first motion for an extension of time in which to file the statement of facts.

The record shows the following facts: The court reporter's certificate to the statement of facts, certifying it to be correct, was signed on July 16, 1974 (this shows it was in existence as of that date) ; the certificate of appellants' counsel which appears at the bottom of the first motion for extension of time states that they mailed a copy of the motion to appellee's counsel on July 18, 1974; and the motion itself alleged that the statement of facts was at that time completed.

The unsworn grounds alleged by appellants in their first motion for the purpose of showing good cause for not filing the statement of facts within the 60 day period prescribed by Rule 386 were:

"Appellants have exercised due diligence to have prepared the Statement of Facts, but because of his work-load, Court Reporter Denny Watts has been delayed in his preparation of the said Statement of Facts. The Statement of Facts is now completed and need only to be approved by counsel and forwarded to The Honorable Court, but such can not be accomplished before the due-date of July 22, 1974."

The Supreme Court in Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952), held that there must be a showing that good cause existed within the 60 day period why the transcript and statement of facts could not be filed within that period and further that Rule 386 gives a court of civil appeals very little discretion whether to permit the late filing of a statement of facts or transcript. See also Gibson v. McCullough, 294 S.W.2d 759 (Austin Civ. App., 1956, no writ hist.).

No evidence of any kind in the form of affidavits or otherwise was offered by appellants to this Court in support of their unsworn first motion in an effort to show that they had good cause within the 60 day period why they could not file the statement of facts in this Court before that period expired.

The statement of facts is shown by the reporter's certificate thereon to have been prepared by July 16, 1974. Appellants' first motion alleges that the statement of facts was complete and appellants' counsel's certificate at the bottom of the motion certifies that a copy of the motion was on July 18, 1974, sent to appellee's counsel. No showing at all is made that the statement of facts was presented to appellee's counsel for approval in the interval between July 16, 1974 and the July 22, 1974, deadline. Appellants made no showing at

all that they even tried to get it approved and filed by July 22, 1974.

Under the facts shown by the record in this case, as a matter of law, good cause was not shown to have existed within the 60 day period why the statement of facts could not have been filed within such period. Since appellants did not show the existence of good cause so as to be entitled under Rule 386 to a late filing, this Court erred in granting appellants' first motion for an extension of time, for it had no discretion to permit a late filing in the absence of a showing of good cause. See Matlock v. Matlock, supra; Watson v. Jones, 348 S.W.2d 414 (Waco Civ.App., 1961, no writ hist.); Ortiz v. Associated Employers Lloyds, 294 S.W.2d 880 (Austin Civ.App., 1956, no writ hist.); Schrader v. Garcia, 516 S.W.2d 687 (Corpus Christi Civ.App., 1974); Pollard v. American Hospital and Life Insurance Company, 472 S.W.2d 116 (Tex.Sup., 1971); Consolidated Casualty Insurance Company v. Wade, 373 S.W.2d 841 (Corpus Christi Civ.App., 1963, writ dism.), and Warner v. Cox, 500 S.W.2d 251 (Corpus Christi Civ.App., 1973, no writ hist.).

■ This Court erred in granting appellants' first motion for an extension of time in which to file the statement of facts for the additional reason that such unsworn motion, not supported by affidavits or any other legitimate evidence which an appellate court could consider, was not a legally sufficient basis for the granting of such an extension of time.

■ The law is that the facts alleged in the motion and relied on by the applicant as constituting the good cause for permitting him to file the statement of facts late must be proved by affidavit or by some other legitimate form of evidence that can be considered by an appellate court. Without such proof a court of civil appeals is not authorized to grant the extension of time prayed for. Rehkopf v. Texarkana Newspapers, Inc., 460 S.W.2d 939 (Texarkana Civ.App., 1970, ref., n. r. e.); Bean v.

City of Arlington, 464 S.W.2d 208 (Fort Worth Civ.App., 1971, no writ hist.); Rhodes v. Turner, 164 S.W.2d 743 (Fort Worth Civ.App., 1942, no writ hist.); Carter v. City of Fort Worth, 357 S.W.2d 581 (Fort Worth Civ.App., 1962, ref., n. r. e.), and Bradshaw v. Bradshaw, 187 S.W.2d 688 (Amarillo Civ.App., 1945, no writ hist.), in which opinion the Court said the following: "According to the interpretation given to Rule 386 by the Supreme Court, appellant is charged with the duty of making some sort of showing as to why the record was not presented for filing by the clerk of this court within the sixty days and is charged with the duty of furnishing satisfactory proof to this court that the delay was excusable. Otherwise, an order by this court authorizing the record to be filed would be an arbitrary act by this court."

*Did appellants show good cause to exist why they could not file the statement of facts by August 21, 1974?*

In view of our holding above expressed relative to appellants' first motion for an extension of time in which to file the statement of facts, all matters involved herein relating to their second motion for another extension of time have become immaterial. However, we will discuss the question of whether good cause existed for granting the second motion.

When this Court granted the first motion it extended the time for filing the statement of facts to August 21, 1974.

The grounds relied upon and alleged in the appellants' second motion for extension of time as showing good cause for permitting the late filing of the statement of facts are as follows: "Appellants have exercised due diligence to have prepared the Statement of Facts. The Statement of Facts was received by the undersigned attorney and was approved and forwarded to Mr. Royce Coleman on August 1, 1974. As of August 27, 1974, Mr. Coleman indicated that he had not had time to examine same but would do so within three to four

days. Mr. Coleman has further indicated that he will deliver the original of this Statement of Facts to Trial Judge Boyd for approval and prompt forwarding to the Court of Civil Appeals, 2nd Supreme Judicial District, Ft. Worth, Texas."

This second motion was also an unsworn motion. Long after the motion was tendered to this Court for filing, this Court received an affidavit from appellants' attorney wherein he alleged that the matters alleged in the motion were true. No other affidavits and no other evidence of any kind were offered to this Court in support of the motion.

As stated, the court reporter's certificate shows the statement of facts was complete as of July 16, 1974. The first motion for an extension, together with the certificate of appellee's counsel thereon, shows the statement of facts was completed as early as July 18, 1974.

In appellants' second motion for extension of time, they admit that their counsel approved the statement of facts and sent it to appellee's counsel on August 1, 1974. The motion does not allege a single other thing that appellants or their counsel did toward getting the statement of facts approved by appellee's counsel prior to the deadline for filing it on August 21, 1974. On oral argument, when such counsel were asked what else they had done in that interval between August 1, 1974, and the August 21, 1974 deadline, toward getting it approved and filed, the answer was "nothing." They simply relied on appellee's counsel to get it filed for them and he did not do it. In addition, appellants' counsel did not even inquire about it of appellee until August 27, 1974.

Rule 377(d), T.R.C.P., provides in part as follows: ". . . It shall be unnecessary for the statement of facts to be approved by the trial court or the judge thereof when agreed to by the parties. . . . *if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, the matter shall be sub-* *mitted to and settled by the trial court . . . ."* (Emphasis supplied.)

Even though the court of civil appeals can exercise some discretion on hearing a second motion for extension of time to permit a transcript or statement of facts to be later filed upon the terms that it prescribes, it is still required to grant the motion only on a showing of good cause. Schrader v. Garcia, 516 S.W.2d 687 (Corpus Christi Civ.App., 1974).

An inadvertent failure of counsel for appellant to see that appellee's counsel had read the statement of facts and signed it before expiration of time for filing same does not constitute good cause for permitting it to be filed late. See Schrader v. Garcia, supra, and Consolidated Casualty Insurance Company v. Wade, 373 S.W.2d 841 (Corpus Christi Civ.App., 1963, writ dism.).

Other cases that support this holding are: Gibson v. McCullough, 294 S.W.2d 759 (Austin Civ.App., 1956, no writ hist.); Ortiz v. Associated Employers Lloyds, 294 S.W.2d 880 (Austin Civ.App., 1956, no writ hist.), and McGovern v. Smith, 518 S.W.2d 254 (San Antonio Civ.App., 1974).

Appellants' counsel made no effort to show that they had exercised diligence in getting the statement of facts approved and filed by the August 21, 1974, deadline. They made no effort to get the trial court to settle and sign the statement of facts, as is provided for by Rule 377(d), T.R.C.P., after the appellee's counsel had not approved it after having had it in his possession for 10 days. The record shows that they had time in which to do that.

We hold that the appellants here neither alleged nor proved facts showing that they had good cause for not filing the statement of facts on or before the August 21, 1974 deadline fixed by this Court and that we erred in permitting appellants to file the statement of facts after they had allowed the deadline of August 21, 1974, to pass.

We hold that this Court erred in granting appellants' first and second motions for

extensions of time in which to file the statement of facts.

■ In view of the holdings that we have hereinabove made, we hereby order the statement of facts stricken. Pollard v. American Hospital and Life Insurance Company, 472 S.W.2d 116 (Tex.Sup., 1971); Straley v. Commissioners' Court of Lampasas County, 266 S.W.2d 469 (Austin Civ.App., 1954, no writ hist.), and Rehkopf v. Texarkana Newspapers, Inc., 460 S.W.2d 939 (Texarkana Civ.App., 1970, ref., n. r. e.).

■ Since the statement of facts has been stricken appellants' appeal must be based solely on the transcript. Gandy v. State, 319 S.W.2d 375 (Beaumont Civ. App., 1958, no writ hist.). The transcript in this case was timely filed.

The law controlling the situation before us is stated in 4 Tex.Jur.2d, Rev., Part 1, 221, Appeal & Error, § 386 as follows: ". . . Thus, the absence of a statement of facts prevents consideration of assignments of error based on matters that should appear in a statement. But the absence of a statement does not affect the right of appeal or the jurisdiction of the appellate court. Hence, the absence of a statement does not require the dismissal of an appeal, or prevent an affirmance or reversal of the cause. However, it is an exceptional case in which the appellant is entitled to a reversal of the trial court's judgment in the absence of a statement of facts on review.

"If there is no statement of facts the judgment will be affirmed if there are no assignments of error that can be reviewed without a statement, and every presumption will be indulged in favor of the trial court's findings and judgment."

On this appeal the appellants urge eleven points of error. Their points Nos. 1, 3, 4, 5, 6, 7, 8 and 9 complain of alleged error of the trial court in submitting certain issues in the court's charge for the jury's determination.

■ We overrule each of these points because they cannot be reviewed in the absence of a statement of facts. Without the statement of facts the appellate court is unable to say that the trial court's actions in submitting such issues were prejudicial, even though erroneous. Under the evidence the appellant might have been entitled to prevail in any event, in which case the error would be harmless. See 4 Tex. Jur.2d, Rev., Part 1, pages 235, 236, Appeal & Error, § 393.

■ Appellants' point of error No. 2 complains of the exclusion of evidence. We overrule it because an appellant is not entitled to a review of points of that nature without a statement of facts. Corrigan v. Heard, 225 S.W.2d 446 (San Antonio Civ.App., 1949, ref., n. r. e.).

■ Their 10th point of error contends that the court erred in refusing to grant their motion for judgment. We overrule that point also because an appellate court could not tell whether such motion should have been granted in the absence of a statement of facts. Corrigan v. Heard, supra, and 4 Tex.Jur.2d, Rev., Part 1, page 238, Appeal & Error, § 394.

Appellants' 11th point of error is that the trial court erred in rendering judgment against appellant, Henderson Glass, who was not a party to the suit, was not served with a citation and who did not appear or participate in the trial of the case below.

■ When a fundamental reversible error has been committed by the trial court which is apparent on the face of the record an appellate court will review such an error, even in the absence of a statement of facts and will grant appropriate relief. 4 Tex.Jur.2d, Rev., Part 1, 244, Appeal & Error, § 399.

■ We hold that the ruling complained of in appellants' 11th point of error is fundamental error.

The plaintiff's trial pleading was his first amended petition. There O. D. Garland, plaintiff, sued defendants, Home

Fund, Inc. and Carl Raymond Crites, for damages that allegedly resulted to plaintiff when those defendants wrongfully had issued against Garland a temporary injunction in a case other than this one. A final judgment was later rendered in the other case in favor of the plaintiff, O. D. Garland. Plaintiff here alleged that Crites and Home Fund, Inc. put up a $10,000.00 bond in connection with the issuance of the temporary injunction. Garland did not, in the case in which the injunction bond was filed, seek to recover damages caused by the wrongful issuance of the temporary injunction from the principals or sureties on the injunction bond.

The judgment in this case recited that the persons appearing were the plaintiff, Garland, and the defendants, Home Fund. Inc. and Carl Raymond Crites. The court proceeded, however, to render a judgment for $5,000.00 in damages against not only the defendants, Carl Raymond Crites and Home Fund, Inc., but also against the appellant, Henderson Glass, surety. Glass was not a party to this suit and the injunction bond which he signed as surety was not filed in this case.

 The court in the case of Dallas J. S. Land Bank v. Dallas County L. I. Dist. No. 9, 2 S.W.2d 305 (Dallas Civ.App., 1928, writ ref.), held the following: "Sureties on an injunction bond are, for all practical purposes, parties to the suit, are subject to the jurisdiction of the court, and their liability, as well as that of the principal, can be declared by the court on a proper plea in reconvention supported by proof by the party entitled to relief."

We recognize that rule, but hold that it does not apply to the facts of this case, because the injunction bond involved here was not filed in this case.

Plaintiff's petition shows that the injunction bond that Glass signed as surety was not filed in this case. It was filed in an entirely different case than the one that is here on appeal. The plaintiff did not reconvene for damages in the suit wherein the injunction bond was filed. In such an instance, judgment could have been rendered against the sureties on the bond. The case in which the injunction bond was filed went to final judgment without litigating the question of whether damages were caused by the wrongful granting of the temporary injunction.

We hold that the court committed reversible error in rendering judgment in this case against the appellant, Henderson Glass, a surety on the temporary injunction bond filed in another case, in view of the fact that he was not a party to this suit.

We have ordered the statement of facts stricken. The judgment is affirmed against the defendants, Home Fund, Inc., and Carl Raymond Crites. The judgment is reversed and the case dismissed without prejudice in so far as it relates to the appellant, Henderson Glass. The cost of the statement of facts is taxed against the appellants, Home Fund, Inc., and Carl Raymond Crites. The remaining costs are taxed one-half against appellants, Home Fund, Inc., and Carl Raymond Crites, and one-half against O. D. Garland.