**695**

Wilma Faye **NITSCHKE**, Appellant,

v.

Daniel Edward **NITSCHKE**, Appellee.

No. 19235.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 21, 1975.

Nelson, Montgomery & Robertson,
Wichita Falls, for appellant.

Schenk, Wesbrooks, Smith & Douglass,
Wichita Falls, for appellee.

OPINION ON MOTION TO EXTEND
TIME FOR FILING TRANSCRIPT
AND STATEMENT OF FACTS

MASSEY, Chief Justice.

On this day this Court handed down its opinion in the case of Home Fund, Inc. v. Garland, 520 S.W.2d 939. We consider it most important in that it examines the state of the law which controls authority of a Court of Civil Appeals to grant a motion for extension of time within which to accept a late filed Statement of Facts.

It would be, of course, likewise applicable relative to a late filed Transcript.

We recognize that until the practicing bar takes note of the state of the law occasions for injustice might result. It has been long established but somehow ignored by this Court in liberality in the granting of extensions of time for filing records late where there was not resistance of the Motions for Extension of Time within which such might be filed.

 Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952) not only established the inapplicability of Texas Rules of Civil Procedure, rule 1, "Objective of Rules" (concerning when there might be a liberal construction of the Rules of Civil Procedure so as to accomplish a just, fair, equitable and impartial adjudication of the rights of litigants), but established essentiality of the requisite that there be establishment of "good cause" by a motion for an extension of time to support any order of the court allowing the late filing of a record in the appellate court under T.R. C.P. 386, "Time to File Transcript and Statement of Facts". We are presently of the opinion that where requisite of the law is not satisfied complaint of our erroneous admission of a late filed record may not be

waived and, in a proper case, may be made a ground for a motion for rehearing in the appellate court.

In the instant case we have Motions for Extension of Time for Filing both the Transcript and the Statement of Facts. Neither is verified. Neither has appended thereto any verified matter.

Relative to the Transcript the unsworn statement appears that counsel was of the opinion that the District Clerk's office would mail the same direct to this Court, and that, besides, some documents were missing which should appear therein. The transcript, received after the 60-day period provided by Rule 386, but within 15 days thereafter, was accompanied by the Motion for Leave to File.

There has also been received the unsworn letter of the court reporter in which she takes occasion to state that she would be unable to finish the Statement of Facts before the first of March, 1975, which is beyond the 20 days requested by the motion. The Statement of Facts was not likewise forwarded, but a Motion for Extension of Time in which it might be admitted was received at the same time. Appended was the unsworn statement of counsel that exhibits and previously transcribed testimony had been misplaced, whereby an extension of 20 days in time would be necessary.

Both as applied to the Transcript and the Statement of Facts there is a failure to "establish" why either could not have been timely filed.

Nevertheless, under the law we have had occasion to examine in preparing the decision in *Home Fund, Inc.,* supra, we have not the discretion to permit the late filing requested.

Both the motions are denied.