

# The Attorney General of Texas

April 16, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable David G. Lewis
Sherman County Attorney
P. O. Box 986
Stratford, Texas  79084

Opinion No. MW-325

Re:  Payment of filing fees and court costs

Dear Mr. Lewis:

You have asked two questions regarding the collection of fees by public officials in your county. Your first question concerns article 3930a-1, V.T.C.S., which reads in pertinent part:

> (1) In addition to the fees authorized and required by Article 3930 of this title, as amended, county clerks and county recorders are authorized and required to collect the fees specified by this article for services rendered by them to all persons, firms, corporations, legal entities, governmental agencies, and governmental representatives. <u>Unless otherwise specified, each fee shall be collected at the time the service is rendered.</u> (Emphasis added).

You ask whether the county clerk is required to follow the mandatory language of this provision and insist on payment of the filing fees at the time of presentment for filing without incurring civil liability. It is suggested that the clerk might be liable in damages if a subsequent lien were filed and recorded in the county after the clerk received a deed of trust but before he recorded it due to non-payment of filing fees.

Ordinarily, the duties of the clerk of the court are purely ministerial. Benge v. Foster, 47 S.W. 2d 862 (Tex. Civ. App. - Amarillo 1932, writ ref'd). The duty described in article 3930a-1, V.T.C.S., is such a ministerial duty. The courts will not hold the clerk liable for damages resulting in part from his performance of his statutory duty. See Harris County v. Wilkinson, 507 S.W. 2d 848 (Tex. Civ. App. - Houston [14th Dist.] 1947, writ ref'd n.r.e.). See also Burleson v. Shaw, 516 S.W. 2d 687 (Tex. Civ. App. - Eastland 1974, writ ref'd). We believe the clerk must comply with the article 3930a-1 requirement of timely payment and he may not be held liable in damages for performance of his statutory duty.

You next ask whether a justice of the peace may assess and collect court costs against state, county, city, school and hospital district taxing

authorities in delinquent tax suits.    Article 7297, V.T.C.S., exempts the state and county from costs in delinquent tax suits.    Article 7343, V.T.C.S., extends the same advantage to cities and school districts.    Costs arising out of tax collection suits may not be assessed against school districts, El Campo Independent School District v. Kimmey, 571 S.W. 2d 865 (Tex. 1978), or a city or county, County of Dallas v. Yellow Cab Co., 573 S.W. 2d 44 (Tex. Civ. App. - Eastland 1978, writ ref'd n.r.e.).  However, we find no statute exempting hospital districts from payment of such costs.  Thus, we believe court costs may be collected from hospital districts in delinquent tax suits.

## SUMMARY

The county clerk is required to follow the mandatory language of article 3930a-1, V.T.C.S., and will not incur civil liability for doing so.  A justice of the peace may not assess and collect court costs against the state, county, city or school taxing authorities in delinquent tax suits.  He may assess and collect such costs against the hospital district taxing authority.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Walter Davis
Rick Gilpin